## TAUBMAN SUPPLY CO. et al. v. LAUCK et al.

No. 21380. Opinion Filed March 10, 1931.

M. C. Rodolf, for plaintiffs in error.

O. E. McKenzie and Howard F. Wilson, for defendants in error.

HEFNER, J. This is an original proceeding to review an award made by the Industrial Commission awarding to E. A. Lauck, the claimant, $180 as temporary total disability and the further sum of $18 per week for a period of 60 weeks as permanent partial disability, making a to.al of $1,250. The claimant filed his claim with the Industrial Commission and alleged that he was injured while employed by Taubman Supply Company, to which claim respondent and insurance carrier filed an answer and pleaded that the claimant was an independent contractor and denied that he was employed as an employee of the respondent.

It is contended that there was no competent evidence to support the finding of the Commission that the claimant was an employee of the Taubman Supply Company. It is said that he was an independent contractor.

The claimant had been employed by a verbal contract to furnish his truck and to haul pipe for the supply company from a certain designated place and to another designated place and for this work he was to receive the sum of $.25 per ton. He was not employed by the day. In addition to the 25 cents per ton, the supply company was to furnish men to load and unload the pipe. According to the testimony of the claimant, J. L. Cleveland was the general superin.endent for the supply company. In its notice of claim filed with the Commission he is designated as foreman for the company. The injury-did not occur in the loading or unloading or in transporting the pipe. After the truck had been loaded with the pipe Mr. Cleveland directed the claimant and some others to load two timbers eight inches by eight inches by 20 feet long and move them with the pipe. Under the testimony of the witnesses Mr. Cleveland supervised both the loading and the unloading of the pipe and directed that the two pieces of timber be placed on top of the load of pipe. The claimant and some of the other persons who were in the employ of the supply company were directed by Mr. Cleveland to get a stick or pipe and put it under the end of the timber for the purpose of moving it, and in pursuance of that instruction they got a stick and while in the act of moving the heavy timber the stick broke and the timber fell on claimant's leg and foot. The foot was mashed and bruised and the leg skinned. Mr. Cleveland tes.ified that he directed that the two pieces of timber be moved. The timber would not have been moved had it not been for his direction, and had the timber not been moved there would have been no injury. Since this is true, we do not think the supply company can escape responsibility for the injury on the ground that the claimant was an independent contractor.

Again, it is urged that the claimant was permitted to testify as to the average day's wage of men employed in like and similar capacity as claimant. He was asked this question: "Have you ever done work of this kind before, hauling by the truck load, by the day?" His answer was: "Generally, on a job like that working by a day. that is jobs I have done on the short haul, where they pay so much a ton and pay the laborers, I usually work my truck for $30 a day. I figure the truck at $25 a day, and the driver $5 a day, of course, lots of them get more; that is the customary price." We do not think there was any prejudicial error in admitting this evidence.

Again, it is urged that there was no competent evidence to support the finding of the Commission that the claimant had suffered a permanent partial disability to the extent of 40 per cent. The plaintiff testified as to the condition of his foot and as to its use and that he thought that he could do some forms of work, making about 50 per cent.

loss. He further testified that the doctor who treated him said that he might never be well. Some of the doctor's testimony is as follows:

"Q. Now the subjective symptoms, you said he had incapacity from labor? A. Yes, sir. Q. How long will he be incapacitated from his ordinary labor? A. I don't know; probably he knows more about it than I do."

We cannot say the record does not contain any competent evidence in support of the award of the Commission, and the prayer to vacate it is denied.

CLARK, V. C. J., and RILEY, CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and SWINDALL, J., absent.

Note.—See under (1) anno. L. R. A. 1916a, 118, 247; L. R. A. 1917D, 148; L. R. A. 1918F, 206; 58 A. L. R. 872; R. C. L. Perm. Supp. p. 6203; R. C. L. Continuing Perm. Supp. p. 1196.