## NOEL et al. v. POTTS et al.

No. 23200.   Opinion Filed May 10, 1932.

Hayes, Richardson, Shartel, Gilliland & Jordan, for petitioners.

James R. Wood, for respondents.

RILEY, J. Petitioners bring this original action to review an award made by the State Industrial Commission in favor of respondent J. R. Potts, herein referred to as claimant.

Claimant was accidentally injured November 19, 1930, while engaged in mining coal and in the employ of petitioner E. H. Noel. A rock fell from the roof of the mine and struck him, injuring his back, hip, and thigh. He was temporarily totally disabled from November 19, 1930, to February 21, 1931, and was paid compensation therefor in the sum of $134.

The Commission, after a hearing, found that at the date of his injury claimant's daily wage was $4, and that by reason of his injury claimant was temporarily totally disabled from the performance of his work from February 21, 1931, to date of hearing, November 27, 1931, and was temporarily totally disabled at the date of hearing. Compensation was awarded from February 21 to November 27, 1931, 39 weeks and two days at $15.39 per week, and was ordered paid therefrom at the same rate until further ordered by the Commission.

Petitioners contend that there is no competent evidence to connect the present disability of claimant with the alleged injury. With this contention, to a certain extent, we are inclined to agree.

The record shows that, on November 19, 1930, while claimant was working in a coal mine, while in a stooping position, a piece of rock fell from the roof of the mine about four feet and struck him on the back, causing the injury out of which the claim arose. This piece of rock was described at the beginning of the hearing as a "thin piece of rock weighing about 350 or 400 pounds." It gradually grew in size and weight until at the close of the hearing it was referred to as weighing 800 pounds. The extent of claimant's injury apparently grew in like proportion. He was taken to a physician, Dr. Clark, who treated him until about December 22nd. Dr. Clark testified that he did not consider the injuries received as disability, though claimant complained and was unable to return to work; that during the time claimant complained of certain things that the doctor could not say were due to the injury to claimant's back, and the doctor concluded that claimant was malingering or that there was some underlying cause for his continued disability. Claimant was sent to the hospital at Tulsa, where a thorough

examination was made by Dr. Charles D. Johnson with the aid of the X-ray. Dr. Johnson testified, in substance, that the examination disclosed:

"He is suffering from a clinical osteo-arthritis—old disease of his backbone. He was suffering from paralysis agitans, or Parkinson's disease, which is a nervous disease of rather indefinite origin; he is suffering from syphilis. The evidence for that being the laboratory findings and the subsequent improvement after treatment. With reference to the bony changes in his back, there was an old bullet, a heavy lead bullet of about a 38 caliber, lying against his spine, that, from his statement, got in there years before, 15 to 18 years before, I believe. There was no signs visible of an injury."

The testimony of the physician shows conclusively that claimant's disability was due, in part at least, to the pre-existing osteo-arthritis, together with pre-existing syphilis, and the lead bullet lying against the spine, which had been there for many years.

At the hearing the position of claimant was that the entire disability was due to the accidental injury, and the position of petitioners was that the entire disability was due to pre-existing disease. Consequently, there was no attempt made and no evidence was offered to show the amount of disability due to each. This being true the State Industrial Commission found the entire disability due to the accidental injury. As we view the record, this could not be true. Neither do we think it can be said that the disability is due entirely to pre-existing disease. It will therefore be necessary to remand the cause to the State Industrial Commission for such further proceedings as may be deemed necessary to determine the proportion of disability due to the accidental injury.

It is also contended that there is no evidence to support the finding that claimant's average daily wage was $4. The evidence on this question is indefinite. Claimant testified that he was paid by piece-work; that during the year immediately before the injury, he was paid every two weeks, and that the most he ever drew for any two-week period was $38. That would indicate an average weekly wage not to exceed $18. However, claimant also testified that some months he made as much as $100, and again he testified that some days he made $3.50, some days $4, some days $5 or $6, and sometimes as much as $8. The employer made no effort to show his aver-

age weekly wage. We take it that the employer was, or should have been, in a position to show with some degree of certainty what claimant's earnings were for the 12-month period immediately before the accidental injury. This question may also be made more definite if the parties so desire.

The award as made is set aside and vacated, and the cause is remanded to the State Industrial Commission, with directions to give the parties an opportunity to produce further proof on the above questions, if the parties, or either of them, so desire.

CULLISON, SWINDALL, McNEILL, and ANDREWS, JJ., concur. KORNEGAY, J., dissents. LESTER, C. J., CLARK, V. C. J., and HEFNER, J., absent.

Note.—See under (1) annotation in L. R. A. 1916A, 33, 291, 293; L. R. A. 1917D, 110; 19 A. L. R. 96; 28 A. L. R. 204; 60 A. L. R. 1300; 28 R. C. L. 816; R. C. L. Perm. Supp. p. 6241; R. C. L. Pocket Part, title Workmens' Compensation, § 102.