## F. A. GILLESPIE & SONS CO. et al. v. JOHNSON et al.

No. 23068. Opinion Filed Dec. 6, 1932.

Hayes, Richardson, Shartel, Gilliland & Jordan, for petitioners.

J. Berry King, Atty. Gen., and Gus Rinehart, for respondents.

CLARK, V. C. J. This is an original action in this court by petitioners to review an award of the State Industrial Commission made and entered on the 22nd day of October, 1931, in favor of John Johnson, respondent herein. The Industrial Commission found that John Johnson, respondent herein, sustained an accidental personal injury on March 18, 1931, when a sudden gush of oil and gas was thrown into his face and

over his body while working on an oil tank while in the employment of the F. A. Gillespie & Sons Company, and while engaged in a hazardous occupation covered by and subject to the provision of the Workmen's Compensation Law. That John Johnson, respondent herein, as a result of the said accidental injury, was temporarily totally disabled from the date of the accident and is temporarily totally disabled at this time. That his average wage at the time of the injury was $4 per day, and found that by reason of said facts, he was entitled to compensation from March 18, 1931, at the rate of $15.39 per week and continued thereafter until termination of disability or otherwise ordered by the Commission, and also such reasonable medical expense as has been incurred by respondent herein by reason of said injury, and continued treatment until otherwise ordered by the Commission, and ordered payments made in accordance therewith.

The first assignment of error of the petitioners is:

"That the Commission erred as a matter of law and that there is no competent testimony to sustain the award of the Industrial Commission in holding that claimant sustained an accidental personal injury arising out of and in the course of his employment on March 18, 1931."

This contention is without merit. The record discloses that John Johnson, respondent herein, was, on the 18th day of March, 1931, in the employ of petitioner F. A. Gillespie & Sons Company, and had been in their employ 14 years and 2 days, and that on said date he was an oil pumper; that while on top of an oil tank for some 30 minutes attempting to empty a closed tank, smelling the fumes from the gas, a gush of oil came out into his face and eyes; that he wiped his eyes, ears, and face, and, feeling bad, he shut down and started home, and that it required about five minutes time to shut down. On the road home he turned sick and lost consciousness, which was about five minutes after he left the tank; that the accident happened about 10 or 11 o'clock that morning and that he regained consciousness about midnight that night; that he was found on the road from the tank to his house, sick, not in his right mind, and claiming of smothering, and was taken home and a doctor called to treat him.

That prior to the accident he was in good health, having had no trouble with his lungs or throat, nor with loss of memory; had not been afflicted with the twitching of his hands and arms, nor the jerking of his head, which condition developed since he was gassed; that since the injury his eyes are not as good as they were before; heart bothers him, cannot sleep at night; cannot inhale a deep breath without trouble, and that his lungs are affected and his memory is not as good as it was prior to the injury. At times he is dizzyheaded; that since the injury he has not been able to work and is not able to work at this time.

There is medical evidence that respondent herein has at this time a hoarseness, wheezing, and whispering condition of his voice, and a twitching of his hands and arms and a jerking of his head and chin; that he has a diseased condition of the lungs, where air gets in and cannot get out; that anything that interferes with the normal expiration will produce his condition, and that just one interference is sufficient; that the condition of respondent's voice is due to the condition of his lungs; that the inhaling of gas for a matter of 30 minutes and strangling on gas contributed to and aggravated his condition; that he also has a nervous condition due to shock or due to some sudden shock to the nervous system; that his nervous condition is due to the accident and that there was positive evidence of injury; that his lung condition is permanent; that he is now totally permanently disabled.

In the case of Vaughn & Rush v. Stump, 156 Okla. 125, 9 P. (2d) 764, this court, in the third paragraph of the syllabus, said:

"An 'accident,' as contemplated by the Workmen's Compensation Law (Comp. Stat. 1921, sec. 7282, et seq., as amended), is distinguished from an occupational disease, in that it arises by some definite event, the date of which can be fixed with certainty, but which cannot be so fixed in the case of occupational diseases."

And in the case of Patrick & Tillman Drilling Co. v. Gentry, 156 Okla. 142, 9 P. (2d) 921, this court, in the second paragraph of the syllabus said:

"Where an accidental personal injury, arising out of and in the course of employment and within the terms of the Workmen's Compensation Act, aggravates and lights up a pre-existing physical condition, the injured employee is nevertheless entitled to compensation therefor."

Also see Shell Petroleum Corporation v. Moore, 147 Okla. 243, 296 P. 390.

There is competent evidence in the record showing that the respondent's lung and throat condition could have been caused by or was aggravated and lighted up by the injury received on March 18, 1931, and that

the nervous condition of respondent was caused by said injury, and that said respondent is now temporarily totally disabled by reason of said disabilities caused by said accident.

The petitioners next contend:

"That the Commission erred as a matter of law and that there is no competent testimony to sustain the finding that the average daily wage of claimant was $4 per day."

This contention is without merit, for the reason that the record discloses that the respondent herein was drawing $75 per month at the time of the injury, and had drawn the same since January 1, 1931; that prior to that time he had been earning $100 and $130 per month. Subdivision 1 of section 7289, C. O. S. 1921, provides:

"If the injured employee shall have worked in the employment in which he was working at the time of the accident whether for the same employer or not, during substantially the whole of the year immediately preceding his injury, his average annual earnings shall consist of 300 times the average daily wage or salary which he shall have earned in such employment during the days when so employed."

There is competent evidence in the record supporting the finding of the Commission that the average wage of claimant was $4 per day, based upon his average annual earning during substantially the whole of the year immediately preceding his injury.

Judgment and award of the State Industrial Commission affirmed.

RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., absent.