## WASHITA COUNTY GIN CO. et al. v. COLBERT et al.

No. 23965. Opinion Filed Feb. 21, 1933.

Rehearing Denied March 21, 1933.

Owen & Looney, Paul N. Lindsey, and J. Fred Swanson, for petitioners.

Duncan & DeParade, for claimant.

BUSBY, J. This is an appeal from an award made by the State Industrial Commission in favor of the claimant, Earl Colbert. The facts are that Earl Colbert was employed by the Washita County Gin Company on October 12, 1931, at which time he was injured by a round bale of cotton falling on his heel and foot. He continued to work about 30 days. The respondent (in the court below) and the insurance company denied any liability. After trial the Commission entered an order finding that claimant had been temporarily totally disabled from November 12, 1931, to the date of the order, and compensation was ordered

paid from said date until further order of the Commission at the rate of $8 per week.

Claimant was employed by the gin company as a night watchman, and was paid $1.50 per day for his work from 7:00 o'clock in the evening until 6:00 o'clock in the morning. While not acting as night watchman, he used his wagon, hired his own help and hauled cotton from the gin to the railroad station at five cents per bale, and also did the cleaning up around the gin. He hauled cotton whenever he was ordered to haul it.

Respondents' first contention is that claimant was an independent contractor at the time of the accident complained of, and that for this reason he cannot recover under the Workmen's Compensation Act. (Stat. 1931, sec. 13348 et seq.) The manager of the gin testified that cotton was moved under his specific orders and instructions. The accident occurred on the gin platform while moving cotton from one place to another on the premises. We cannot agree that claimant was an independent contractor. We hold that the claimant was working subject to the control, supervision, and under the direction of the respondent and that therefore he was an employee within the meaning of the Workmen's Compensation Act. Western Paving Co. v. State Industrial Commission, 141 Okla. 140, 284 P. 304; Taubman Supply Co. v. Lauck, 147 Okla. 292, 296 P. 741.

The respondents attack that part of the second finding of fact made by the Industrial Commission, finding that the claimant's disability was due to the alleged injury. The evidence shows that some two months prior to the injury claimant advised the Mutual Life Insurance Company of New York, with whom he carried an insurance policy, that he had cancer in his left leg. He requested payment from them under the total permanent disability clause of the policy. He further wrote them that doctors had advised him to consult a cancer specialist relative to his left leg. Before the Commission he testified that he had had a mole on his left leg for several years; that during the month of August, 1931, he got some cancer paste and had the cancer removed; that a part of the cancer had "sluffed out." He further testified, however, he had recovered from this at the time of his injury on October 12, 1931. The evidence further showed that the claimant was limping slightly at the time he began working for the gin company. One of his fellow workmen, B. W. Johnson, testified as follows:

"Q. Did you have occasion to see this claimant, prior to October 12, 1931? A. Yes, sir. Q. Can you state whether or not he was having trouble there with one of his feet or leg? A. His leg, he claimed he had a cancer, I saw the cancer after he claimed it was taken out. Q. Did you have a conversation with this claimant about his leg any way, any way tell it, not what you got from some other source, what he told you about it, tell it. A. He told me before the accident about leg and the cancer, after taking it out he showed me the cancer,—he had it in his pocket. Q. How large was it? A. About like a half dollar. Q. Did he limp? A. Yes, sir. Q. That was prior to October, 1931? A. Yes, sir. Q. After October 12, 1931, you have occasion to see him? A. Yes, sir. Q. You saw him at work? A. Yes, sir. Q. What was he doing? A. Night watchman and hauling bales off the platform. Q. At the same gin he had been working at? A. Yes, sir. Q. Did he seem to be having any trouble? A. No, sir. Q. About how long did he continue to work? A. He worked on up until November 23. Q. Did he appear to be able to do the work satisfactorily? A. Yes, sir. Q. He seemed to be strong and able? A. Yes, sir. Q. Did he make any complaint? A. I never heard him say it."

Dr. Lain, who was the only witness who was a cancer specialist, testified that the so-called cancer paste which the claimant applied had a tendency to dry up the cancerous condition for a period of time. He further testified that after such application of paste patients often thought they were cured, and that there might not be anything else seen or felt which would indicate cancer for some weeks or months thereafter; that these cancers begin to form in the cells of the body and follow the lymph streams from the original site of the cancer; that claimant had a typical case of malignant cancer, and that the injury of claimant would have had nothing to do with his serious physical condition resulting from cancer, with which claimant was suffering at the time of the hearings.

Dr. Clymer's report, pages 126 and 127 of transcript, is as follows:

"This man first noticed a pigmented mole on June 9, 1931, which began to grow rapidly and get sore. He had it removed with a cancer paste by a nonmedical man on August 5, 1931, at which time a large piece of tissue sloughed away. He noticed an enlargement in his groin which was sore and tender. This mass gradually increased in size until Dr. Walden removed a portion of this mass in January, 1932. At the time of this examination, he had a recurrent cancer at the site of his original mole of June, 1931, and multiple nodules involving the entire thigh and lower abdomen. This man

has now metastasis of this cancer to his lungs. It is my opinion that this purported injury to his heel did not and could not possibly have had any influence on a cancer which had been present since June, 1931. This is a recurrence of a cancer which first had its inception in June, 1931."

Microscopic tests made by Dr. Hugh Jeter on the 13th day of June, 1932, of flesh taken from the old mole scar on claimant's leg showed that malignant cancer was present.

The evidence shows conclusively that claimant had cancer prior to his injury; that this cancerous condition had never been cured and was present in his system at the time he was injured. The Industrial Commission found that the claimant "sustained an accidental personal injury to his left foot and groin and finally generating into a sarcoma cancer, and as a result of which the claimant has suffered a temporary total disability from November 12, 1931, to the present time, for which he is entitled to recover from November 12, 1931, at the rate of $8 per week, to the present time, in a lump sum, and thereafter continuing at the same weekly rate until such temporary total disability shall cease and until otherwise ordered by this Commission."

The issue here is whether or not claimant's entire disability was due to the accidental injury sustained on October 12, 1931, or whether or not his entire disability was due to pre-existing disease, to wit, cancer. Apparently no attempt was made and no evidence was offered to show the amount of disability due to each. As we view the record the Industrial Commission could not possibly find that the entire disability was due to the accidental injury, and possibly it could not be said that the disability was due entirely to pre-existing disease.

Following the authority of Noel v. Potts, 157 Okla. 136, 11 P. (2d) 137, supra, we find it will be necessary to remand the cause to the State Industrial Commission for further proceedings as may be deemed necessary to determine the proportionate disability due to the accidental injury. The award as made will be set aside and vacated, and the cause remanded to the State Industrial Commission, with directions to give the parties an opportunity to procure further proof on the question above set forth.

Cause reversed and remanded, with directions.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, OSBORN, BAYLESS, and WELCH, JJ., concur. McNEILL and ANDREWS, JJ., absent.