## CONLIN CO. et al. v. GUCKIAN et al.

No. 23972.   Opinion Filed May 2, 1933.

Thurman, Bowman & Thurman and E. C. Chastain, for petitioners.

Carmon C. Harris, for respondents.

ANDREWS, J.   This is an original proceeding in this court instituted by the respondent and its insurance carrier before the State Industrial Commission, to obtain a review of an award in favor of the claimant therein.

The claimant was a plumber by trade. Some time in July, 1931, he sustained an accidental personal injury to his back. He returned to work the second day thereafter, and continued his work for about two weeks, when he was laid off. He filed his first notice of injury on June 9, 1932, in which he alleged that he had sustained a severe sprain to his right hip and back. After a hearing the Commission made an award based on a finding that the claimant had been totally disabled from the performance of manual labor from the 23rd day of April, 1932, to the 1st day of July, 1932; that he had been temporarily partially disabled since July 1, 1932; that he had sustained a loss of earning capacity in the amount of the difference between $10 per day and $5 per day, and that he was entitled to 66 2/3 per centum of the difference in wage-earning capacity during the continuance of the temporary total disability not to exceed 300 weeks.

The petitioner contends that the finding and award was not sustained by any competent evidence.

The record shows that the claimant was suffering from a disease at the time he was injured, and that his present disability and consequent loss of earning capacity was due to a combination of an existing disease and the injury.

In Noel v. Potts, 157 Okla. 136, 11 P. (2d) 137, this court held:

"Where, in a proceeding before the State Industrial Commission, the evidence of the medical or expert witnesses is such as to show that the disability of claimant is due in part to an accidental injury and part to pre-existing disease, a finding of the Commission that the disability is due wholly to the accidental injury is error."

The award of the State Industrial Commission is vacated and the cause is remanded, with directions to give the matter further consideration if the claimant desires.

CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, and BAYLESS, JJ., concur.   RILEY, C. J., and BUSBY and WELCH, JJ., absent.