## MAGNOLIA PETROLEUM CO. v. BRINLEE et al.

No. 24036. April 3, 1934.

B. B. Blakeney, Hubert Ambrister, and W. R. Wallace, for petitioner.

J. Berry King, Atty. Gen., Robert D. Crowe, Asst. Atty. Gen., and Speakman & Speakman, for respondents.

OSBORN, J. This is an original action to review an award of the State Industrial Commission.

Carel Brinlee, hereinafter referred to as claimant, while in the employ of the Magnolia Petroleum Company, hereinafter referred to as respondent, on March 16, 1928, received an accidental personal injury. Claimant was employed as a nightwatchman of the respondent's property at St. Louis, Okla., and, while chasing some one out of the yard at night, fell over some pipes and skinned his legs.

The Commission made an award for temporary total disability in the sum of $150.33, which was paid and a receipt therefor filed and approved on August 31, 1929.

On August 18, 1931, a petition to reopen was filed, the material parts thereof being set out as follows:

"That on the 21st day of August, 1929, this Honorable Commission entered an order in the above-entitled action, allowing the claimant temporary total disability to May 9, 1928; that since the said adjudication there has been a change in the condition of claimant in this, to wit: That the injuries which the claimant received in the course of his employment, while in the employ of the respondent, Magnolia Petroleum Corporation, consisted of injuries and bruises to his lower legs and ankles as is set forth in the original claim filed herein; that the said bruises and lacerations never healed and were not healed at the time of the hearing and judgment above referred to, and since said time have become more serious and extended; that an examination by physicians disclose, according to their report, that the said bruises and lacerations were infected with syphilis germs; that prior to said injuries the claimant never was at any time afflicted or infected with such disease and that the said injuries to the plaintiff were either the proximate cause of such infection or lit up such disease which was theretofore dormant and inactive in the anatomy of the claimant.

"That since such injuries and since the date of the judgment hereinabove referred to, the condition of the plaintiff's lower legs and ankles have been so swollen, sore and irritated with running sores that he has been totally incapacitated from performing any work or labor and is still incapacitated for such reason from performing any work or labor and for such reason he is entitled to have the above-entitled action reopened and the extent of his disability, brought

about by change of condition since the order and judgment of this court, adjudicated and determined."

Several hearings were had on the petition to reopen, and on August 8, 1932, the Commission found that claimant had sustained a change of condition for the worse and awarded compensation for 40 per cent. permanent partial disability to claimant's right leg, payments to begin from the date of August 18, 1931, the date of filing the petition to reopen. From said order respondent has lodged this appeal.

It is not seriously contended that claimant is not now suffering some disability, but issue is joined as to the cause of disability, and on this point there is a sharp conflict in the evidence. Dr. Curt von Wedel testified for respondent and attributed all of claimant's present trouble to "vascular degeneration due to syphilis." Dr. J. L. Starry also testified for respondent to the effect that claimant's present disability is due to the syphilitic condition and not to the injury.

Dr. E. E. Shivers testified for claimant to the effect that the injury was the primary cause of the trouble. It was generally agreed by the experts on both sides that syphilis in the system would prevent the healing of the wounds in a normal way, by causing an inflammation of the arteries, reducing their size, making it impossible for blood to get to the affected area.

Respondent contends that there is no evidence to sustain the conclusion of the Commission that the accidental injury contributed in any manner to claimant's present condition, but there is no merit in said contention. It is not the duty of this court to weigh the evidence, but to examine the record to ascertain if there is competent evidence therein which sustains the finding of the Commission. From the entire record herein, we are forced to the conclusion that the disability of claimant is due to a combination of disease and injury.

Claimant bases his right to compensation upon the rule that where an accidental personal injury, arising out of and in the course of employment and within the terms of the Workmen's Compensation Act, aggravates and lights up a pre-existing physical condition, the injured employee is entitled to compensation therefor, citing Patrick & Tillman Drilling Co. v. Gentry, 156 Okla. 142, 9 P. (2d) 921; F. A. Gillispie & Sons v. Johnson, 160 Okla. 222, 16 P. (2d) 870; Choctaw Cotton Oil Co. v. Boyd, 162 Okla. 15, 18 P. (2d) 859; Christian v. Hanna, 144 Okla. 89, 289 P. 708. These author-

ities are not controlling in the instant case. An examination of the cases discloses that they deal with a class of disabilities brought about by a pre-existing physical condition being lighted up or aggravated into effect by an accidental personal injury arising out of and in the course of employment. The general theory of the cases is that the provisions of the Workmen's Compensation Act should not be limited to perfectly healthy workmen. It may also be noted that in such cases the employer may require the workman to submit to a physical examination before employment, and may thus be put on notice as to any apparent physical disability existing at that time. In the instant case, we have a situation where a physical condition acquired, according to the record, subsequent to the accident has resulted in disability in connection with the injury. Thus two separate, disconnected, and intervening factors have contributed to produce the disability. Notwithstanding this evident state of facts shown by the record, the Commission made the following finding:

"That since the date of said order of the Commission on the 21st day of August, 1929, and the last payment of compensation for temporary total disability, the claimant has sustained a change in his condition for the worse, due to said accidental injury, and by reason of said accidental injury, and the change in his condition due to said accidental injury, the claimant now has a 40 per cent. permanent partial disability to claimant's right leg due to said accidental injury."

The rule announced in the ca. of Noel v. Potts, 157 Okla. 136, 11 P. (2d) 137, is applicable herein. Therein it is said:

"Where in a proceeding before the State Industrial Commission, the evidence of the medical or expert witnesses is such as to show that the disability of claimant is due in part to an accidental injury and in part to a pre-existing disease, a finding of the Commission that the disability is due wholly to the accidental injury is error."

See, also, Washita County Gin Co. v. Colbert, 162 Okla. 276, 19 P. (2d) 1080; Conlin Co. v. Guckian, 163 Okla. 193. 21 P. (2d) 740.

The Commission should have made a positive finding of the percentage of claimant's disability that was due to the accidental injury and that percentage due to the disease, for only that portion of the disability attributable to the injury is compensable.

For the purpose of possibly avoiding another appeal in this case, we pass to a consideration of another contention of respondent, that is, that the evidence is wholly in-

sufficient to support the finding of the Commission as to claimant's change of condition.

The original injury was purely a flesh injury and properly dealt with as a temporary disability. On the motion to reopen, the Commission made a finding, based on competent evidence, of permanent partial disability. This issue is controlled by the rule announced in the following cases: Loffland Bros. Drilling Co. v. State Industrial Commission, 157 Okla. 78, 10 P. (2d) 1096; Noble Drilling Co. v. Link, 161 Okla. 238, 17 P. (2d) 971; Dailey, Crawford and Pevetoe v. Rand, 155 Okla. 229, 8 P. (2d) 738; Noel v. Kozak, 148 Okla. 210, 298 P. 298; Marland Production Co. v. Hogan, 146 Okla. 220, 294 P. 115; Williams Bros. Inc., v. Addison, 163 Okla. 264, 21 P. (2d) 1047; Continental Supply Co. v. Kirk, 163 Okla. 291, 22 P. (2d) 82; Boettcher v. Marland Refining Co., 163 Okla. 256, 21 P. (2d) 1070.

The award of the Commission is vacated and the cause remanded, with directions to the Commission to take further proceedings in conformity with the views herein expressed.

CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, BAYLESS, and BUSBY, JJ., concur. RILEY, C. J., and WELCH, J. absent.