**SHELL PIPE LINE CORPORATION v. MARSHALL et al.**

No. 26317. Feb. 25, 1936.

Rehearing Denied April 21, 1936.

Joe T. Dickerson, Geo. W. Cunningham, John C. Quilty, F. C. Love, and W. D. Simms, for petitioner.

E. W. Schenk, for respondent Marshall.

Mac Q. Williamson, Atty. Gen., and Houston W. Reeves, Asst. Atty. Gen., for respondent State Industrial Commission.

PHELPS, J. While Carl Marshall was working for the Shell Pipe Line Corporation on October 31, 1933, the overbalancing of a flywheel threw him against the edge of an open door. He struck the door in the region of his spine, between the shoulders. The blow caused no appreciable pain or discoloration. He continued working for about a week, when he was overcome by paralysis. This was November 7, 1933. He remained in bed for a month, during which time he was treated by a doctor who sometimes attended afflicted employees of the company. He did not serve the employer with written notice of the injury. So far as the record shows, the employer received no actual notice of the accident until two or three months after its occurrence. No claim was made for compensation until, on June 11, 1934, the employee filed his claim therefor with

the State Industrial Commission, which made an award in his favor on April 3, 1935, ordering compensation for temporary total disability from approximately the date of the accident to the date of that order, and the continuation of compensation until cessation of the disability or the further order of the commission.

In this original action by the employer to review that award, the first three propositions may be resolved into the assertion that there is no evidence to support the commission's finding that claimant injured his spine between the shoulders, or that the paralysis resulted from the injury complained of.

While there was a conflict of evidence on these questions, there was nevertheless sufficient testimony from the medical experts testifying for claimant to sustain the award in this respect. These experts testified that in view of claimant's pre-existing diabetes and arteriosclerosis, his present disability probably came from a sudden strain, breaking an artery, and that, taken all in all, the blow which claimant received aggravated the pre-existing condition into the present disability; that the blow was the precipitating factor. They further testified that there was a "causal relationship, cause and effect, between these two things," meaning the accident and the disability. That a blow to the spine may carry along with it a strain, is not an unreasonable inference if supported by the opinions of experts that there is a direct connection between the blow and the disability, resulting from the strain. It is true that the employer's evidence could reasonably have led to the opposite conclusion, and if a finding to that effect had been made by the commission we would not disturb it. But the finding is supported by some evidence, and if the commission chose to lend greater credence thereto than to the employer's evidence, we may not reverse that finding without disregarding the now well established rule that where there is any competent evidence to support a finding of the State Industrial Commission, said finding will not be disturbed on review.

Extended argument is made by petitioner that the testimony to the effect that claimant's present condition is attributable solely to a pre-existing condition greatly preponderates over all the evidence hereinbefore mentioned, to the effect that the strain or blow aggravated that condition into disability. However, as stated above, there is some credible testimony to the latter effect, under which state of facts the disability is nevertheless compensable. Protho v. Nette, 173 Okla. 114, 46 P. (2d) 942, and cases cited.

The fourth proposition of petitioner is:

"The record is void of any evidence that employer had actual notice of claimant's injury within thirty days, or that it was not prejudiced by the failure to receive notice of such injury."

The question of notice was made an issue by the pleadings, and was insisted on by the petitioner before the commission. •

There is no contention by the claimant that employer was furnished with either a written or actual notice of the injury within 30 days thereafter, as required by section 13358, O. S. 1931. That section concerns written notice; and where there is no written notice, but there is actual notice, the latter is usually extended importance sufficient to sustain a finding of lack of prejudice to employer by reason of the failure to serve written notice, at least in the absence of evidence to the contrary. However, both kinds of notice may be considered as the subject of the section, for such purposes as are involved in the present action.

Section 13358 prescribes that written notice shall be given the employer or insurance carrier within 30 days, and it details those things constituting sufficiency of the notice and service thereof. Then the section continues:

"The failure to give such notice, unless excused by the commission either on the ground that notice for some sufficient reason could not have been given, or on the ground that the insurance carrier or employer, as the case may be, has not been prejudiced thereby, shall be a bar to any claim under this act."

Where employer or insurance carrier has not received notice, and there is no waiver, the statute plainly sets forth the following conditions precedent to recovery:

(1) The failure must be excused by the commission.

(2) The excuse must be supported on grounds that either, (a) notice could not have been given, or (b) no prejudice was caused by the failure.

Now let us determine whether those requirements are complied with in this case. The third finding of the commission is:

"That respondent had actual notice of said injury, therefore, was not prejudiced by failure to give notice."

The commission no doubt intended by that finding to excuse the failure to give notice, but specifically because of the fact that respondent "had actual notice of said injury." But it is conceded by the parties that there is no evidence to support the finding that respondent did have actual notice. Therefore, the entire finding fails, because the lack of prejudice is based solely on an erroneous finding. If we were to affirm such an award it would be tantamount to ruling that no notice is necessary at all.

In the brief filed herein on behalf of the commission it is argued, however, that although there is no evidence to sustain the finding of actual notice, there nevertheless is evidence in the record which would have sustained a finding of inability in claimant to give notice, on account of his condition. In other words, while it is admitted that there is no basis for the commission's finding of actual notice, the argument is that the evidence would have supported a finding that the claimant was in such condition that he could not have given the notice, and that therefore the irregularity is harmless error. But no such finding was made, and it may be that the commission believed otherwise. The statute plainly sets forth that upon failure of notice the commission may excuse the failure either because the notice could not have been given or because no prejudice resulted from the failure. This places the duty upon the commission to base the excuse on one or both of the specific grounds, the latter ground being rather broad in its scope. It is not for the appellate court to search the record in an effort to learn what the commission was authorized to believe, in order to justify a proposed hypothetical finding which has not been made by the commission. In reaching a conclusion as to the necessity of giving actual notice, resort should be had to the plain and ordinary language of the statute. The statute prescribes that the failure to give notice shall be a bar to any claim under the act unless the commission excuses the failure. The statute then prescribes what shall constitute sufficient grounds for excuse. It is couched in plain and understandable language.

It is, of course, obvious that in a case where there is actual notice there is little probability of prejudice to the employer because of the failure to receive the written notice, and where there is actual notice it will ordinarily serve as a basis for the finding of no prejudice. But when there is no evidence of notice, and the question is raised before the commission, and the commission has used an unsupported finding as the reason for its excuse of the failure, the situation is the same as if the order were wholly silent on the question. On the other ground, that is, whether the claimant was in such condition that he could not have given the notice, there is no finding in the record. It is the function and duty of the commission to make such finding or findings, and until they are made there is nothing before us on this issue to review Accordingly, it will be necessary to remand this cause to the commission for its further finding of fact in this particular.

On all issues presented in this action the findings and award are supported by competent evidence, except on the question of notice of injury, as recited above, but for error in the finding concerning said notice of injury the award is vacated and the cause remanded for further proceedings not inconsistent with the views herein expressed.

McNEILL, C. J., and WELCH and GIBSON, JJ., concur. CORN, J., concurs in result.