## UNITED STATES CASUALTY CO. et al. v. STEIGER et al.

No. 26997.   March 16, 1937.

Pierce & Rucker and A. M. Covington, for petitioners.

R. V. Lewis and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM.   The petitioners seek to vacate an award made to the respondent because of an accidental injury which occurred on the night of October 31, 1935, when respondent, while carrying a hundred pound sack of flour, fell and injured himself, which occasioned an operation for hernia.   The parties will be referred to as petitioners and respondent.

The hernia was of several years standing and was in an old appendicile scar.

Dr. McKenzie testified for respondent that about 10:30 the morning after the injury he visited respondent and found a bruise around the hip on the right side.   No evidence of fracture but considerable soreness.   An examination showed a large hernia and considerable tenderness around the hernia; that the respondent complained of nausea, and in the opinion of the doctor cou'd not go to work, and that by reason of the fall and a resulting injury he found it necessary to call in Dr. Garrett, and that both of these physicians advised an immediate operation; that the operation was performed the next day at the hospital; that the operation was made necessary by the accident because there was danger of infection and danger to the intestines, and also danger of peritonitis; that the hernia was enlarged by the accident, and in the opinion of the witness the accident caused the condition resulting in nausea and aggravation of the hernia, and that by reason thereof it was necessary to perform the operation.

Respondent testified that he was 43 years o'd 'and had been a baker for 25' years and had been employed by petitioner for about 12 years.   He described the nature of the accident, which differed in no respect as detailed by Dr. McKenzie.   He further stated that about 10 o'clock the night of the accident Mr. Hoffman, one of the owners of the establishment, came in, and respondent told him of the accident.   Mr. Hoffman told respondent not to let it get any worse but to get a doctor.

Mr. Kruse, the other partner in the firm, testified that the wife of the respondent came to him and told him of the accident, and that respondent had gone to Dr. McKenzie.   Mr. Kruse stated on the witness stand he advised her he h'ad rather respondent had gone to Dr. Cronk.   He further stated that they, meaning the partners, had preferred Dr. Cronk, although witness admitted the partners had used Dr. McKenzie.   Witness further stated that he had informed the emp'oyees that they preferred Dr. Cronk.   On cross-examination he testified:

"Q. Mr. Kruse, you didn't ask or instruct Doctor Cronk to go out and treat Mr. Steiger, did you?   A.  No, I did not because I didn't think that they were going to use a doctor.   Q.  But when Mrs. Steiger informed you at noon that he was worse, you didn't instruct

Doctor Cronk then to go out and take the case, did you? A. No, sir, I did not. Q. As a matter of fact, Doctor MacKenzie was agreeable to you? A. Yes, sir. Q. It was perfectly agreeable to you to leave the case in his hands? A. Yes, sir. Q. And that was the reason you didn't call Doctor Cronk? A. I always understood that they had a right to choose the doctor. Q. You didn't have any objection to Doctor MacKenzie, did you? A. No, sir."

It is first urged that the commission erred in allowing the medical expenses. Section 13354, O. S. 1931, provides in part:

"The employer shall promptly provide for an injured employee such medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches, and apparatus as may be necessary during sixty days after the injury, or for such time in excess thereof as in the judgment of the commission may be required. If the employer fails or neglects to provide the same within a reasonable time after knowledge of the injury, the injured employee, during the period of such neglect, or failure, may do so at the expense of the employer; provided, however, that the injured employee or another in his behalf, may obtain emergency treatment at the expense of the employer where such emergency treatment is not provided by the employer."

Under that section not only were the petitioners charged with knowledge thereof, but consented to the medical treatment according to the admission of Kruse, who was placed on the stand for the specific purpose of proving that the respondent made no request for medical attention.

There is no longer any provision in the Workmen's Compensation Law that an employee must make a specific request for medical attention. The section of the statute containing that specific provision was formerly 7788, C. O. S. 1921, and was amended by chapter 61 of S. L. 1923, as now appears by section 13354, supra. Under the above section, when the State Industrial Commission finds from competent evidence that under its provisions the employer within a reasonable time after knowledge of the injury fails or neglects to provide medical attention, and further finds that by reason thereof the injured employee obtains his own medical attention, this court will not vacate an award for such medical expenses merely because the record does not show a specific request and a refusal as denominated by the previous provisions of section 7288, C. O. S. 1921. An employer should be given an opportunity after having knowledge of the injury to furnish the medical attention and select his own doctor, and where he has done so the

employee should accept such service. There is nothing in this case to reflect that the employer was attempting to provide the necessary medical attention or was dissatisfied with that chosen by the respondent. It reflects as a matter of fact an almost complete satisfaction with the choice of respondent. Even under the terms of the former statute, it was held that an employer might waive the specific request. Scruggs Brother & Bill Garage v. State Industrial Com., 94 Okla. 187, 221 P. 470. We find no error in the allowance of medical fees.

It is next contended that the commission erred in its order to pay the compensation for eight weeks' temporary total disability for the reason that the commission was without jurisdiction to make such award. It will be found by paragraph 2 of the award that the order of the State Industrial Commission found the claimant entitled to a specific award for hernia under section 13356, O. S. 1931, paragraph 3.

In this we think the commission was in error. The respondent did not sustain an injury resulting in hernia. The commission did not so find. The commission found that the respondent suffered an aggravation of a pre-existing condition which made necessary an operation for ventral hernia. We are of the opinion that the finding as to the specific award can be treated as surplusage. The finding as made in paragraph 1 is amply supported by the evidence. The commission was authorized to make such an award following an aggravation of the pre-existing condition. Protho v. Nette, 173 Okla. 114, 46 P. (2d) 942; Shell Pipe Line Co. v. Marshall, 176 Okla. 623, 56 P. (2d) 786.

In this connection petitioners urge that Noel v. Potts, 157 Okla. 136, 11 P. (2d) 137, and Washita County Gin Co. v. Colbert, 162 Okla. 276, 19 P. (2d) 1080, hold to the contrary. These cases are not applicable. An employee is not paid for an injury. He is paid for a disability resulting in a decrease in wage-earning capacity. See, for an excellent discussion of this point, Van Orman v. Robinson, 150 Okla. 156, 158, 300 P. 412, 414 wherein it is said:

"The purpose of the Compensation Act is not indemnity for any physical ailment, but for loss of earning power, disability to work. Rialto Lead & Zinc Co. v. State Industrial Commission, 112 Okla. 101, 240 P. 96. 44 A. L. R. 494; Cosmos Mining Co. v. State Industrial Commission, 101 Okla. 283, 225 P. 720; Skelton Lead & Zinc Co. v. Industrial Commission, 100 Okla., 188, 229 P. 255."

There is no proof in the record that prior to the date of injury herein respondent had an injury which resulted in a decrease in earning capacity. Although Van Orman v. Robinson, supra, was discussing the rule in "other cases" in permanent partial disability, the same rule would apply herein for the reason that the respondent testified that he was disabled for eight weeks, and the doctor testified to the same effect. That it covers the same period allowed by paragraph 3 of section 13356, supra, for hernia is a mere coincidence which bears out medical science to the effect that normal recovery in such cases is eight weeks.

In this connection Dr. McKenzie testified that the recovery was normal.

Under the rule announced in Protho v. Nette and Shell Pipe Line Co. v. Marshall, supra, there is competent evidence to sustain the finding that the injury resulted in an aggravation of a pre-existing condition for which the award for temporary total disability was made. There is further competent evidence in the record that the temporary total disability continued for eight weeks.

The award is affirmed.

OSBORN, C. J., and RILEY, WELCH, CORN, and HURST, JJ., concur.