## INDIAN TERRITORY ILLUMINATING OIL CO. v. SHARVER et al.

No. 23042. Opinion Filed May 3, 1932.

Clayton B. Pierce and Fred M. Mock, for petitioner.

Mike Foster, Clay M. Roper, J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

McNEILL, J. This is an original action in this court to review an award of the State Industrial Commission, made and entered on the 13th day of October, 1931, whereby the respondent, Ben Sharver, was awarded compensation for the permanent partial loss of hearing due to an accidental personal injury sustained by him while in the employ of petitioner, Indian Territory Illuminating Oil Company, on February 13 and 14, 1931.

The material findings of facts are as follows:

"(1) That, on the 13th and 14th of February, 1931, the claimant herein was in the employ of this respondent and engaged in the performance of manual labor as defined by the Workmen's Compensation Law; that arising out of and in the course of said employment he, claimant, on February 13 and 14, 1931, sustained an injury to both ears while working around the Mary Unsell No. 4 wild well; but that he lost no time beyond the statutory 5-day waiting period.

"(2) That the average wage of claimant at the time of said injury was $4.24 per day.

"(3) That respondent, through its duly authorized agents, had actual knowledge of said injury immediately and within one week thereof, and that any lack of formal written notice has not resulted in any prejudice to respondent herein.

"(4) That prior to said injury of February 13 and 14, 1931, the claimant herein suffered a similar injury, for which the respondent, on August 1, 1930, with the approval of this Commission, paid him the

sum of $250, such payment having been made under Form 14, in cause No. A-52467.

"(5) That, as the result of said accidental injury of February 13 and 14, 1931, the claimant has suffered a further permanent partial loss of hearing in both ears, for which he is entitled to compensation in the sum of $250."

Upon consideration of the foregoing finding of facts, the Commission entered an award in favor of the respondent for compensation at the rate of $16.31 per week, until a total amount of $250 is paid, and for all reasonable medical expense incurred, for a permanent partial loss of hearing in both ears.

The evidence shows that, on February 13 and 14, 1931, the respondent, Ben Sharver, together with 30 or 40 other employees of the petitioner, assisted in shutting in an oil and gas well known as the Mary Unsell No. 4, in the Oklahoma City field, and while doing so the respondent worked on the rig floor and in the cellar of the well; that while the well was running wild it made an intense roaring noise and as a result thereof the respondent sustained a loss of hearing as found by the Commission.

The petitioner urges that the evidence does not disclose that the respondent's loss of hearing resulted from an accident, within the meaning of the Workmen's Compensation Law; that an accident means some unexpected event happening without design, and the time of which can be fixed; that the element of time is essential; that there must be something sudden about it; and that the respondent's deafness to be compensable must have been the result of an accident which occurred on the instant rather than the result of something which continues, progresses, or develops over considerable time. In support of this contention, counsel for petitioner cites, among others, the occupational disease case, United States Gypsum Co. v. McMichael, reported in 146 Okla. 74, 293 P. 773. That case is not applicable to the facts in the instant case.

The recent case of Vaughn & Rush v. Stump, 156 Okla. 125, 9 P. (2d) 764, is controlling and decisive on this question. In that case the respondent was working in the oil fields about eight or ten feet from the exhaust of a pump working for a period of twelve hours, and during this period he discovered while he was at his breakfast that he could not hear out of his left ear, and upon discovery of this defect in his hearing he notified his foreman, who sent him to a doctor for treatment. The employee had never had any trouble with his hearing prior to this time. In that case

this court approved the finding of the Commission that the loss of hearing was caused by his working close to the exhaust from the pump. In that case it was contended that the disability resulting from such work was not due to an accidental injury as defined in section 7284, C. O. S. 1921, as amended by Laws 1923, c. 61, sec. 2, but that if the employee was suffering from any cause, the same was an occupational disease, and cited to sustain this contention the case of United States Gypsum Co. v. McMichael, 146 Okla. 74, 293 P. 773, supra. In the third paragraph of the syllabus of the Vaughn & Rush v. Stump Case, supra, this court said:

"An 'accident,' as contemplated by the Workmen's Compensation Law (Comp. St. 1921, sec. 7282 et seq., as amended), is distinguished from an occupational disease, in that it arises by some definite event, the date of which can be fixed with certainty, but which cannot be so fixed in the case of occupational diseases."

The petitioner contends that the State Industrial Commission was wholly without jurisdiction to make the order complained of because no written notice of the injury was given to the petitioner within the time and manner prescribed by law. The Commission found that petitioner had actual knowledge of the injury immediately and within one week thereof, and that any lack of formal written notice did not result in any prejudice to petitioner. There is competent evidence to support the finding of actual notice, and that no prejudice resulted by reason of the failure to give the formal notice. This contention of petitioner is without support. Oklahoma Gas & Electric Co. v. Thomas, 115 Okla. 67, 241 P. 820; Hardeman-King Co. v. Hudson, 151 Okla. 236, 3 P. (2d) 424; Green v. Bush, 152 Okla. 112, 3 P. (2d) 690. Award affirmed.

CLARK, V. C. J., and RILEY, CULLISON, ANDREWS, and KORNEGAY, JJ., concur. LESTER, C. J., and HEFNER, J., absent.

Note.—See under (1) annotation in L. R. A. 1916A. 83, 245; L. R. A. 1917D, 135; L. R. A. 1918E, 564; 28 R. C. L. 826; R. C. L. Perm. Supp. 6250; R. C. L. Pocket Part, title Workmen's Compensation, § 113.