## TEXAS PIPE LINE CO. et al. v. WATSON et al.

No. 23252. Opinion Filed June 21. 1932.

Owen & Looney and Paul N. Lindsey, for petitioners.

J. Berry King, Atty. Gen., Robert D. Crowe, Asst. Atty. Gen., and Sargent & Ross, for respondents.

RILEY, J. M. J. Watson, claimant, was employed by the Texas Pipe Line Company. On July 19, 1931, with the assistance of other workmen, he was carrying a 20-foot piece of 8-inch pipe. He experienced a sharp pain in the left groin and hip. The resulting medical treatment afforded claimant disclosed that he suffered an ailment of kidney and ureter. Stones peculiar to such an ailment were removed by operation and by passage, but the pain did not subside.

Dr. Nieman testified (p. 2) as a witness called by claimant, relative to claimant's ailment.

"My conclusion, after a complete physical examination, he had some strain of the perineal muscles and ligaments, a stone in the bladder, cyclitis."

Also, p. 3:

"There was some question as to whether or not his pain—the symptoms—were the result of the stone in the bladder, or the result of the injury. I was unable to decide definitely. * * *"

On p. 4:

"His symptoms have always been subjective entirely."

Page 5:

"Q. Doctor, what in your opinion caused him to be disabled at the present time? A. I don't know. * * * Q. Doctor, assuming that the evidence will later show that this man, after July 19, 1931, had a stone in the urethral—would that cause him severe pain and discomfort? A. It would."

The witness testified that claimant was operated on September 4, 1931, the stone removed from the left inguinal region— there was no evidence of hernia, only a large ring, probably congenital.

The claimant testified he was engaged in carrying pipe on the night of July 19, 1931; that at 10:30 a pain struck him and he "wilted." He notified his foreman and went off work at 4 o'clock next morning. He carried pipe on the night after the incident mentioned.

A similar ailment to claimant's urinary tract was relieved some 12 years prior to the present trouble.

"I would not say I have a hernia. (p. 20.) * * * They offered you an operation for a hernia. Yes, sir.'"

Dr. Bolend testified that claimant's condition was in no wise attributable to trauma. (p. 9.)

On December 10, 1931, the State Industrial Commission found that on the 19th day of July, 1931, the claimant sustained "an accidental injury, arising out of and in the course of his employment, by being injured internally," and "that by reason of said accidental injury the claimant has been since the 20th day of July, 1931, temporarily totally disabled from the performance of ordinary manual labor. * * *" Compensation was awarded at the rate of $18 per week from July 20, 1931, to December 10. 1931, and continuing.

This court has reviewed the evidence with care. It is our conclusion that there is no evidence reasonably tending to support the finding of an accidental injury to claimant. Neither is there any evidence to support the finding that the disability of claimant is attributable to an accident, if any had been established.

The order and award are reversed, with directions to dismiss the claim.

HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and CLARK, V. C. J., absent.