### SCHOENFIELD & HUNTER DRILLING CO. et al. v. COMBS et al.

No. 23601.   Opinion Filed Jan. 7, 1933.

Owen & Looney, Paul N. Lindsey, and J Fred Swanson, for petitioners.

Morrison, Morrison & Morrison, for respondents.

HEFNER, J.  This is an original proceeding in this court by Schoenfield & Hunter Drilling Company and the United States Fidelity & Guaranty Company to review an order of the Industrial Commission awarding compensation to M. C. Combs.

It appears that on June 2, 1930, claimant received an injury, which consisted of a ruptured stomach ulcer, while in the employ of petitioner drilling company lifting a kelly bushing. He was immediately taken to a hospital and operated upon for the trouble. Claimant thereafter filed with the Commission a claim for compensation, and on January 8, 1931, the Commission entered an order allowing him compensation for total temporary disability from the date of the injury to the date of the order. On February 16, 1932, a settlement was made between the parties whereby he was paid the sum of $800 for temporary total disability. This settlement was duly approved by the Commission. On October 28, 1932. claimant filed motion to reopen the case because of change of condition, and prayed that he be awarded additional compensation. At the conclusion of the evidence on this hearing, the Commission found generally in favor of claimant; that since the settlement, he had suffered a change of condition; that he was now totally permanently disabled; that this condition was due to the original injury; and awarded him compensation accordingly.

Petitioners assert that there is no evidence to support the finding of the Commission that claimant had sustained a change of condition since the former award was made, which was due to the original injury alleged. Claimant testified that after the settlement he returned to work and remained for six or eight weeks, at the end of which time he was compelled to cease working because of his condition; that his condition gradually grew worse after the settlement. Doctors Wilson and DePorte testified that sometime after the date of settlement between the parties, they examined claimant and found him totally disabled from performing manual labor, and, in their opinion, from the history of the case given them, this condition was due to the original injury and adhesions resulting from the operation; that they did not examine him prior to settlement and could not testify as to the change of condition. Doctors White and Long examined claimant before the settlement, and testified at the hearing on motion of claimant that his condition was worse than at the time of the prior examination; that this condition did not result from strain occasioned by lifting the bushing, but claimant was troubled with ulcerated stomach and his condition would be the same even though he had had no strain. We think this testimony, that of Drs. White and Long, that claimant had a change in condition for the worse, and that of Drs. Wilson and DePorte that it was due to the strain and adhesions left by the operation, is sufficient to sustain the finding of the Commission that there was a change of condi-

tion for the worse subsequent to the former award, and that this condition was due to the original injury.

Petition to vacate is denied.

LESTER, C. J., CLARK, V. C. J., and SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY and CULLISON, JJ., absent.

Note.—See under (1) annotation in L. R. A. 1916A, 266; L. R. A. 1917D, 186; 28 R. C. L. 812, 828, 829; R. C. L. Perm. Supp. p. 6254; R. C. L. Pocket Part, title "Workmen's Compensation," § 116.