## JOHNSON OIL REFINING CO. et al. v. GUTHRIE et al.

No. 24436.   Oct. 24, 1933.

Rehearing Denied Dec. 19, 1933.

Gibson, Maxey & Holleman, for petitioners.

J. Berry King, Atty. Gen., Robert D. Crowe, Asst. Atty. Gen., B. A. Hamilton, and Parke Davis, for respondents.

OSBORN, J. This is an original action to review an award of the State Industrial Commission in favor of Lonnie Guthrie, hereinafter referred to as claimant, against the Johnson Oil Refining Company, hereinafter referred to as petitioner.

Claimant had been employed by petitioner for a number of years and was known as a "still cleaner." His duty required him to go inside the stills and clean out the petro-leum coke. His injuries were caused by inhaling quantities of gas and coke dust while cleaning the stills.

The Commission found that claimant had sustained a temporary total disability for a period of 14 weeks and ordered the payment of compensation for said period, but found there was no permanent disability.

It is not seriously contended that claimant was not disabled, the principal contention being that he was suffering from an occupational disease not included in the Workmen's Compensation Act and that his disability was not caused by an accidental injury as defined by the act. Dr. E. P. Nesbitt, testifying for claimant, stated that he was suffering from bronchial asthma, which was caused by inhaling the coke dust and gas in the stills. Following is a brief excerpt from the doctor's testimony:

"Q. Now, Doctor, I believe you testified that if a man continued from day to day to work where there was gas fumes, this condition could be brought on. Assuming, Doctor, that the man had worked for quite a long period of time where there were some gas fumes, but that on a certain day there were more than on other days and that the gas fumes that he got on that certain day, which in his case was April 14th, 1931, caused him to vomit and shortly after this certain day he developed shortness of breath and these symptoms—would you or not consider that the man's disability was due to what happened to him on the certain day of April, 1931? That is, would you consider that to be the exciting cause of the present condition? A. I would consider he had reached his limit at that time. Like a man having a nervous breakdown: when he reaches a certain point he has to give up. If there had been more gas on that day, of course it would have made him sick. They vomit from breathing gas. I think the man reached his limit there."

Dr. W. M. Campbell, testifying for claimant, diagnosed the trouble as anthracosis, and concluded his testimony on direct examination as follows:

"Q. Doctor, assuming that this man, on or about the 14th day of April, 1931, was working cleaning stills for his employer—that is, the stills that are used for the refinement of oil—and that there was always present more or less gas fumes, but on this particular day he got fumes sufficient to make him vomit—made him sick at his stomach—would you or not say, Doctor, that the inhalation of those fumes caused his trouble? A. It wouldn't be the entire cause of his trouble. Q. Would it or not be the exciting cause? A. It would be an exciting cause."

It is well settled in this jurisdiction that

the Workmen's Compensation Act does not apply exclusively to traumatic injuries. The case of Quality Milk Products v. Linde, 159 Okla. 256, 15 P. (2d) 58, involved an award by the Commission for a disability incurred by inhaling alcoholic fumes from a spray gun while the claimant was engaged in cleaning and painting automobiles in a room where there was insufficient ventilation. In sustaining said award, the court, through Mr. Justice McNeill, said:

" 'The adjective "accidental" is not a technical term, but a common one, whose popular usage would not necessarily mean that the words "accidental injuries" indicated the existence of an accident, but rather the idea that the injury was either unintended or unexpected. See 25 Harvard Law Review, pp. 338, 342. In the term "accidental injuries," the substantive "injuries" expresses the notion of the thing or event, i. e., the wrong or damage done to the person, while "accidental" qualifies and describes the noun by ascribing to "injuries" a quality or condition of happening or coming by chance or without design, taking place unexpectedly or unintentionally.' Victory Sparkler & Specialty Co. v. Francks, 147 Md. 368, 128 A. 635, 44 A. L. R. 363.

"Where an employee was engaged in cleaning and painting automobiles in a garage and used at various times wood alcohol in a spray gun in a room improperly ventilated for such purposes by coming in contact with the alcoholic fumes, without design on the part of either employer or employee, which resulted in causing the employee a temporary total disability, and where the employee prior thereto suffered sick spells by reason of said work and fixes with reasonable certainty the time when he was last seized with such sickness during the progress of his work, which sickness was known to his employer, held, the same was an accidental personal injury and comes within the provision of the Workmen's Compensation Law (Comp. St. 1921, sec. 7282 et seq., as amended)."

For further discussion of the meaning of the term "accidental injury" as applied to nontraumatic injuries, we refer to the Maryland case above cited. In the case of Haynes Bros. Drilling Co. v. Dungan, 158 Okla. 263, 13 P. (2d) 197, an award was sustained where an employee sustained an injury to an eye caused by gas fumes and a foreign particle striking his eye on a date certain. In the case of Vaughn & Rush v. Stump, 156 Okla. 125, 9 P. (2d) 764, an award was sustained where an employee suffered a partial loss of hearing in one ear caused by the noise of an exhaust near the place the employee was working. The case of United States Gypsum Co. v. McMichael, 146 Okla. 74, 293 P. 773, which is relied upon by petitioner herein, was therein distinguished. The following helpful rule was also announced by the court:

"An 'accident,' as contemplated by the Workmen's Compensation Law (Comp. Stat. 1921, sec. 7282, et seq., as amended), is distinguished from an occupational disease in that it arises by some definite event, the date of which can be fixed with certainty, but which cannot be so fixed in the case of occupational diseases."

In the case of Bryant v. Beason, 153 Okla. 57, 4 P. (2d) 1061, an award was sustained which involved an injury to the lungs of an employee caused by inhaling cement dust, and it was therein held that where there was a conflict in the evidence as to whether the disability of the employee was due to an occupational disease or to an accidental injury, the finding of the Commission of accidental injury will not be disturbed.

The above authorities are controlling herein. Under the evidence the condition of claimant was probably progressively brought about by the inhaling of gas fumes and dust for a period of time, but on a definite and specified date he went to work as usual, and after working a short time became suddenly ill and was unable to work further. The evidence is that on this certain date he had reached his limit and that the breathing of the gas fumes and coke dust on this particular occasion was the exciting cause of his present condition. Such was the finding of the Commission, which is sustained by the evidence.

It is also contended herein that claimant is barred by a failure to file a 30-day notice, but the Commission found that petitioner had actual notice within the statutory period and the lack of written notice had not resulted in prejudice to petitioner or the insurance carrier. Suffice it to say that said findings are supported by competent evidence.

The award is sustained.

RILEY, C. J., and SWINDALL, ANDREWS, and McNEILL, JJ., concur. CULLISON, V. C. J., and BAYLESS, BUSBY, and WELCH, JJ., absent.