**SCHOENFIELD & HUNTER DRILLING**

**CO. et al. v. COMBS et al.**

No. 24863. Feb. 27, 1934.

Thos. H. Owen and Paul N. Lindsey, for petitioners.

Morrison, Morrison & Morrison, J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

WELCH, J. This is an original action to review an order of the State Industrial Commission, wherein a motion to discontinue claimant's compensation was overruled, and it was found by the Commission that claimant was still temporarily totally disabled and ordered compensation continued. Schoenfield & Hunter Drilling Company, as employer, and United States Fidelity & Guaranty Company, a corporation, are petitioners, and M. C. Combs and State Industrial Commission are respondents.

An award was heretofore made allowing claimant compensation for temporary total disability. Action to review such award was brought in this court, and the award was sustained in Schoenfield & Hunter Drilling Co. v. Combs, et al., 161 Okla. 204, 17 P. (2d) 978. Thereafter, and on March 18, 1933, petitioners here filed a motion with the State Industrial Commission to discontinue compensation, alleging therein that claimant was able to return to work, and was suffering no further disability as a result of the injury. Hearing was had upon this motion, resulting in the order of which complaint is here made.

The contention of petitioners is that there is no evidence to support the finding of the Commission that the claimant is temporarily totally disabled as a result of the accidental personal injury of June 2, 1930.

Section 13351, O. S. 1931, provides in part as follows:

"Every employer subject to the provisions of this act shall pay, or provide as required by this act, compensation according to the schedules of this article for the disability of his employee resulting from an accidental personal injury sustained by the employee arising out of and in the course of his em-

ployment, without regard to fault as a cause of such injury. * * *"

Section 13350, O. S. 1931, provides in part as follows:

"'Injury or personal injury' means only accidental injuries arising out of and in the course of employment and such disease or infection as may naturally result therefrom."

The medical or expert testimony introduced, by petitioners at this hearing is positively to the effect that the disability which claimant was suffering at the time of the last hearing was due wholly to gastric ulcers of the stomach, which was a disease existing prior to the injury. It is admitted by petitioners that the claimant is disabled, but that such disability was caused by the disease, and not by reason of the injury.

Claimant testified that he was unable to do any manual labor by reason of severe pain in his stomach, which became worse when he tried to work. That he had to diet continuously, and was in a weakened condition and had lost considerable weight since the injury.

The medical or expert testimony introduced by claimant was to the effect that claimant was suffering from gastric ulcers of the stomach, which were present prior to the injury, and that, in adition to that, he was suffering from small abdominal hernias and some adhesions which followed the abdominal operation originally performed upon the claimant at the time of his injury. This witness testified that the claimant should have an additional operation for the purpose of removing the ulcers. He also stated that a further operation might remove the adhesions, and might make them worse.

An examination of the record discloses no evidence to the effect that claimant's disability is due wholly to the results of the original injury. We think, however, there is some evidence from which it might be concluded that the disability is due in part at least to the injury, but the entire evidence, including that of the claimant's examining physician, is that claimant's disability is due in part to his diseased condition, which is not shown to have been caused by the injury. We think this case comes within the rule announced in Noel v. Potts, 157 Okla. 136, 11 P. (2d) 137, wherein it is held:

"Where, in a proceeding before the State Industrial Commission, the evidence of the medical or expert witnesses is such as to show that the disability of claimant is due in part to an accidental injury and part to pre-existing disease, a finding of the Commission that the disability is due wholly to the accidental injury is error."

The award, therefore, as made, is set aside and vacated, and the cause is remanded to the State Industrial Commission, with directions to give the parties an opportunity to produce further proof on the question of the proportion of disability due to the accidental injury, if the parties, or either of them, so desire.

RILEY, C. J., and SWINDALL, McNEILL, and BAYLESS, JJ., concur.