PURE OIL CO. et al. v. STATE INDUSTRIAL COMMISSION et al.

No. 27949.    Dec. 7, 1937.

Rehearing Denied Feb. 21, 1938.

Application for Leave to File Second Petition for Rehearing Denied March 22, 1938.

C. A. Ambrister, for petitioners.

Waldrep & Skinner and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original action to review an award of the State Industrial Commission awarding the claimant, W. B. Murry, 500 weeks for total permanent disability for an accidental injury sustained on the 15th day of January, 1936. W. B. Murry was an employee of the Pure Oil Company at its plant at Muskogee, Okla., when he was injured on said date when a piece of pipe was thrown against him, striking the walls of his abdomen. By reason of this accident he suffered an injury resulting in hernia. Two different operations were performed for the correction and repairment of this hernia.

The parties will be referred to as petitioner and respondent. Petitioner first presents the following specification of error:

"The Industrial Commission erred in granting the award of claimant for a condition which arose after the injuries received in the accident had healed and during the employment with different employer."

Respondent testified that on the 15th day of January, 1936, a piece of pipe fell against him and injured his abdomen. He described the accident as punching two holes in his stomach. He further testified that said accident caused a double hernia; that he was placed in a hospital by the petitioner and operated on for hernia by Dr. Ernest on January 23, 1936, and was released from the hospital after 18 days; that thereafter he broke down and requested further medical attention, but was not given it, whereupon he sought his own physician; that he was unable to perform any further labor for the petitioner, but worked six days for the government and two weeks for the sanitary department of the city of Muskogee; that he worked only two weeks after the first day of June, 1936; that prior to his work with petitioner he had sustained an accidental injury which caused him to be placed in the hospital; that this was the result of a fight; that he had received several abdominal wounds; that this was several years before the accidental injury in question, but that they had healed prior to the time that he was employed by petitioner; that in December, 1936, he was again operated on for hernia by Dr. Ernest; that he is not able to perform manual labor and has not been able to perform manual labor, due to the failure of this original hernia to be repaired.

On February 23, 1937, Dr. A. N. Ernest, for the respondent in a hearing at Muskogee, Okla., testified that respondent had two ventral hernias at the site of an old operation; that on January 23, 1936, he repaired these two hernias; that respondent came back to him in December, 1936, and there had been a recurrence of the lower of these two former hernias; that on December 27, 1936, he repaired this hernia; that the hernia had not recurred since the impairment of December 27, 1936, but that there is a general weakness of the upper abdominal walls; that the scars along the abdomen have caused a weakness of the abdomen and that the weakness occasioned by the prior injury mentioned above and received in the fight several years ago, along with the hernia, caused a weakened condition of the muscular walls, the tissues of the abdomen; that the walls were weakened on January 15, 1936, at the time respondent sustained the injury complained of; that by reason of this condition, respondent is not able to perform manual labor; that the condition is permanent and cannot be repaired because the walls are as thin as paper; that his disability at the time of the doctor's testimony was due, not only to the hernia, but to the general weakness of the abdominal walls, which were perhaps weak prior to the injury of January 15, 1936; that the injury of January 15, 1936, aggravated the prior existing conditions and in conjunction with the other condition produced his present disability; that his ability to perform manual labor has decreased 75 per cent.; that at the operation for the second hernia the same condition existed as at the first; there was nothing there to repair to because of the weakened condition of the walls, and that the repairment in either case would not hold; that respondent might have had a hernia from the accident of January 15, 1936, without the weakened walls; that it is his opinion that the two hernias resulted from the same condition without any other accidental injury thereafter.

On April 21, 1937, and April 29, 1937, subsequent to the testimony of Dr. Ernest, Drs.

Fite, Buchanan, and Moore testified at hearings in the case. At these times there had been a recurrence of the hernia. Dr. Fite stated it could be repaired; that the scar tissue of the knife wounds had nothing to do with hindering its repair. Dr. Buchanan and Dr. Moore both testified that in their opinion it would not only be doubtful of success but dangerous to the life of the respondent to operate. Dr. Buchanan described the condition of the respondent as resulting from unsuccessful operations for the first and second hernia. He gave it as his opinion that if the operation had been a success, the respondent would be well and working. Both of these physicians said respondent could not perform manual labor; that he was permanently and totally disabled.

From the above set of circumstances it is established by competent evidence that respondent may have had a hernia from the accidental injury of January 15, 1936, regardless of the condition of the walls of his abdomen. In Fain Drilling Co. v. Deatherage, 179 Okla. 409, 65 P. (2d) 1212, we said:

"Where, in a proceeding before the Industrial Commission, the disability alleged to exist is of such character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must necessarily be proved by the testimony of skilled professional persons, and a finding of fact based thereon, when reasonably supported, will not be disturbed."

There is competent evidence to establish that the disability which the respondent sustained is a result of the accidental injury of January 15, 1936, and that by reason thereof he is totally and permanently disabled.

Finally it is urged:

"The Industrial Commission erred in finding that respondent's present condition was due entirely to the injury of January 15, 1936."

In this connection there is cited Noel v. Potts, 157 Okla. 136, 11 P. (2d) 137; Schoenfield & Hunter Drilling Co. v. Combs, 167 Okla. 397, 30 P. (2d) 162; Magnolia Pet. Co. v. Brinlee, 167 Okla. 623, 31 P. (2d) 565. In Noel v. Potts, supra, we said:

"Where in a proceeding before the State Industrial Commission the evidence of the medical or expert witnesses is such as to show that the disability of claimant is due in part to an accidental injury and part to pre-existing disease, a finding of the commission that the disability is due wholly to the accidental injury is error."

That case has been followed in its proper application. The argument is presented upon the testimony of Dr. Ernest, but it must be remembered that Dr. Fite testified that no such condition existed as has been described by Dr. Ernest, and that in his opinion the weakening of the walls by the knife wound would not prevent a successful operation for hernia; that Dr. Buchanan and Dr. Moore both described the disability as resulting from an unsuccessful operation twice attempted. There is competent evidence to sustain the finding of the State Industrial Commission that the disability resulted from the accidental injury of January 15, 1936, without regard to any prior physical condition.

In Protho v. Nette, 173 Okla. 114, 46 P. (2d) 942, we said:

"But it is undisputed that for years prior to the accident he worked as any other able-bodied man; hence in spite of the latent danger by reason of the high blood pressure he performed his duties and earned his pay by the same manner of satisfactory work as that of any other employee."

See. also, Magnolia Petroleum Co. v. Snapp, 149 Okla. 51, 299 P. 137, and cases cited in Protho v. Nette, supra.

Under either theory, whether the State Industrial Commission believed that the hernia could not be repaired because of the weakened condition of the abdominal walls as related by Dr. Ernest, or that the condition of the respondent at the time of the hearing was a result of an unsuccessful operation, the award should be affirmed. The respondent was not suffering from any disability to perform labor at the time of the accident. So far as the record shows, he was capable of doing a whole day's work and was not disabled by any prior accidental injury.

Award affirmed.

OSBORN, C. J., and RILEY, WELCH, PHELPS, GIBSON, HURST, and DAVISON, JJ., concur. BAYLESS, V. C. J., and CORN, J. absent.