PACE, RAINER & PACE et al. v. ROBERTSON et al.

*98 P. 2d 46.*

No. 29080.    Sept. 26, 1939.

Rehearing Denied Jan. 23, 1940.

Butler, Brown & Rinehart, for petitioners.

Claud Briggs, John Morrison, and Mac Q. Williamson, Atty. Gen., for respondents.

HURST, J. Respondent H. M. Robertson filed claim for compensation with the State Industrial Commission, for an accidental injury received June 12, 1938, to his arms and hands, due to poisoning from oil and cement. The claim stated that the injury was a recurrence of a former injury received May 30, 1937. Thereafter he filed an amended and supplemental claim, giving the date of the injury as May 30, 1938, and the cause as "oil, sand, and drillings, cut and poisoned hands and feet" and the nature and extent thereof as "hands and feet infected." After several hearings, the commission awarded compensation, and petitioners appeal.

The sole contention is that claimant's injury was not due to accident, but that he is the victim of an occupational disease known as "oil dermatitis" produced by repeated contacts with crude petroleum, which caused infection and swelling of the hands and arms when they were exposed to such contacts. We have carefully studied the evidence produced before the commission, and as a result are convinced that this contention is sustained thereby, and that the injury to claimant was not due to accident. Summarized, the evidence is that claimant had been engaged in drilling oil wells since 1916; that in 1937 he first suffered from sores and infection in his hands and arms from coming in contact with crude oil and gas while working on a drilling well; that he at that time was advised that he had oil dermatitis and was treated therefor; that on May 30, 1938, he did his last day's work for petitioners, and got his hands and arms covered with crude oil and gasoline, and subsequently, about June 12th, his hands became infected. Several physicians testified that he suffered from this disease, and that it would afflict him as long as he worked at such occupation. There was no evidence of an accidental

injury, as defined in Winona Oil Co. v. Smithson (1922) 87 Okla. 226, 209 P. 398, and in Indian Territory Illuminating Oil Co. v. Sharver (1932) 157 Okla. 117, 11 P. 2d 187, but the evidence conclusively establishes that claimant's affliction was due to the effect of crude oil, gas, and gasoline upon his hands and arms, and that in 1937, he was advised by physicians of the injurious effect of coming in contact with these substances.

In Imperial Refining Co. v. Buck (1932) 155 Okla. 25, 7 P. 2d 908, we held this to be an occupational disease, and not an accidental injury, and we so hold here. In Indian Territory Illuminating Oil Co. v. Sharver, supra, and in Vaughn & Rush v. Stump (1932) 156 Okla. 125, 9 P. 2d 764, we called attention to the distinguishing characteristics of accidental injuries and occupational diseases, and deem it unnecessary to discuss them here. As occupational diseases are not compensable under our Compensation Act, as amended (Imperial Refining Co. v. Buck, supra), we hold that there is no competent evidence to support the finding of accidental injury in this case, and the award was improperly made.

Award vacated.

BAYLESS, C. J., and CORN, DAVISON, and DANNER, JJ., concur.