PARK-WARD CONST. Co. et al. v. NEWLIN et al.

*95 P. 2d 848.*

No. 29102.   Nov. 7, 1939.

Rolland O. Wilson, of Oklahoma City, for petitioners.

P. K. Morrill, of Altus, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM.   This is an original proceeding brought by the Park-Ward Company and the State Insurance Fund, insurance carrier, hereinafter referred to as petitioners, to obtain a review of an award made to Herbert Edwin Newlin, hereinafter referred to as respondent. The award was for temporary partial disability.

On the 22nd day of December, 1937, respondent filed his first notice of injury and claim for compensation, alleging an injury of December 17, 1937, while working as a laborer for Park-Ward Construction Company. He was operating a grading machine and in the resulting injury sustained a fracture of pelvic bone and laceration of abdomen in the region of the groin. There is no doubt that he suffered a serious injury and was hospitalized for 24 days and thereupon was released. Since then he has not been employed regularly except in some odd jobs, and was at the time of the hearing last conducted a service station attendant drawing not more than $1 per day. Report of initial payment was filed by the employer January 14, 1938, and on August 11, 1938, the employer filed with the State Industrial Commission notice of payment for total temporary disability to and including July 21, 1938, and requested a hearing for the purpose of terminating the payments for temporary disability. Hearings were held on December 21, 1938, and on January 19, 1939, following which the State Industrial Commission entered an award for temporary partial disability at the rate of $8 per week for not to exceed 300 weeks. Petitioners seek to vacate the award.

We have held that it is a settled rule that where the injury complained of is of such a character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must necessarily be determined by the testimony of skilled and professional persons. Oklahoma Hospital v. Brown, 87 Okla. 46, 208 P. 785; Texas Pipe Line Co. v. Watson, 158 Okla. 44, 12 P. 2d 521; Bishop v. Wilson, 147 Okla. 225, 296 P. 438; Banning v. Peru-Laclede Synd., Inc., 179 Okla. 382, 65 P. 2d 976.

The respondent called three medical expert witnesses for the purpose of determining his disability. On the 21st day of December, 1938, Dr. Reid testified that in his opinion the respondent had a permanent disability, but did not state its extent, whether total or partial. On the same date, Dr. Hicks described the X-ray taken of the respondent, but did not state the nature or cause of the disability. The only remaining witness was Dr. Phil White. At the hearing conducted on January 19, 1939, he testified that in his opinion respondent was totally disabled from doing the heavier type of manual labor and that in his opinion the disability was permanent. He stated that with a little treatment a certain condi-

tion of claimant would clear up. He did not state this condition to be a result of the accidental injury of December 17, 1937. In Texas Pipe Line Co. v. Watson, supra, this court stated the rule to be that where there is no evidence contained in the record to sustain the finding of fact made by the State Industrial Commission upon which an award is based, the award will be vacated on review. To the same effect, see Superior Smokeless Coal Co. v. Curott, 163 Okla. 191, 21 P. 2d 739; Williams Bros. v. State Industrial Commission, 158 Okla. 171, 12 P. 2d 896; Shepard v. Crumby, 146 Okla. 118, 293 P. 1049; Eagle-Picher Lead Co. v. Black, 164 Okla. 67, 22 P. 2d 907. It will thus be seen that all the medical evidence tended to disclose the respondent has a permanent disability and that there is no evidence tending to support the finding of a temporary disability. The statute provides for awards for temporary partial disability under subdivision 4, section 13356, O. S. 1931, 85 Okla. St. Ann. § 22, while awards for permanent partial are authorized under subdivision 3 of said section. The present award was made under subdivision 4 of section 13356, O. S. 1931, 85 Okla. St. Ann. § 22, and it appearing, therefore, that there is no competent evidence to sustain the finding that the respondent is temporarily partially disabled as the result of the accidental injury, the award is vacated.

BAYLESS, C. J., and GIBSON, HURST, DAVISON, and DANNER, JJ., concur.