PITTSBURGH PLATE GLASS CO. v. STATE INDUSTRIAL COMMISSION et al.

No. 33234. April 27, 1948.

*192 P. 2d 1015.*

Whit Y. Mauzy, of Tulsa, for petitioner.

C. R. Nixon, of Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought by the petitioner, Pittsburgh Plate Glass Company, to review an award made by the State Industrial Commission to Raymond K. Evans, respondent.

In the claim filed June 17, 1943, respondent stated that he sustained an accidental injury arising out of and in the course of his employment with the petitioner on October 5, 1940, while working with paint, chemicals and other substances in the plant of petitioner. An award was made by the State Industrial Commission granting temporary disability for certain days during which the respondent was not employed, and the petitioner has brought this proceeding to review the award.

It is first argued that there is no competent evidence to sustain the State Industrial Commission's finding excusing respondent from filing a notice of injury within 30 days after said injury. It is next argued that the claim was not filed within one year after the date of the accidental injury and is thus barred by reason of 85 O. S. 1941 §43. The third proposition argued is that there is no competent evidence to show that the respondent sustained an accidental injury within the meaning of the Workmen's Compensation Law, 85 O. S. 1941 §1 et seq; and the final proposition is that there was an error in computing the award for temporary total disability.

The facts will be briefly stated. Respondent was employed in the paint factory of petitioner where it was his duty to mix paints, chemicals and other substances necessary to the manufacture of the paint. He was employed on September 8, 1940, and worked for the petitioner until June 14, 1941, at which time he voluntarily left their employment by the consent of all parties and upon the advice of a physician, and began employment with the Manhattan - Long Construction Company of Oklahoma City, and worked for them until September 30, 1941. He then entered the employment of Dupont Company at Pryor, Okla., and worked for them from November 15, 1941, until February 28, 1942. He was then employed as a worker for the Douglas Aircraft Company from August 27, 1942, until April 28, 1944, at which time he quit work for them and was employed by the Hart Industrial Supply Company of Oklahoma City, at which place he is still employed.

As above stated, upon the advice of physician for the petitioner, he quit work for petitioner to determine if a certain breaking out on his hands was caused by contact with the paint and chemicals in the plant of petitioner. Subsequent to ending his employment with petitioner he went to Mayo's and was treated for dermatitis. Respondent stated that, on or about October 5, 1940, he cut his hand while working with glass in the factory of petitioner; that these cut places become infected and that the dermatitis resulted therefrom.

In Magnolia Petroleum Co. v. Clow, 163 Okla. 302, 22 P. 2d 378, we said:

"Where, in a proceeding before the Industrial Commission, the disability alleged to exist is of such character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science, and must necessarily be proved by the testimony of skilled professional persons."

This rule has been announced many times by this court. Pure Oil Co. v. State Industrial Commission, 182 Okla. 286, 77 P. 2d 81; Park Ward Co. v. Newlin, 186 Okla. 26, 95 P. 2d 848.

It is admitted that dermatitis is the cause of the disability. The disease also broke out on the legs and other parts of the body. There is a hopeless conflict in the medical testimony as to the cause of the dermatitis from which respondent is suffering. Although respondent stated that he cut his hand on or about October 5, 1940, no medical expert witness testified that the cut on

the hand in any way caused the breaking out or infection now denominated as dermatitis. The medical expert witness on whose testimony respondent relied stated specifically that a cut on the hand would not cause the infection.

As we view the matter, the case at bar is controlled by the principle announced in the case of Pace, Rainer & Pace et al. v. Robertson et al., 186 Okla. 406, 98 P. 2d 46. Therein we stated:

"Dermatitis caused by exposing the hands and feet of an employee to crude oil or chemicals in such oil is not a compensable injury arising out of and in the course of employment within the terms of the Workmen's Compensation Law, section 13348, O. S. 1931, et seq., 85 Okla. St. Ann. §1 et seq., under the facts and circumstances of this case."

It has been many times held by this court that where there is no competent evidence reasonably tending to support the finding of the State Industrial Commission that an employee sustained an accidental injury, an award based thereon will be vacated by this court on review. We are convinced that there is no competent evidence from which the State Industrial Commission was authorized to find that respondent sustained an accidental injury within the meaning of 85 O. S. §1, et seq.

There is another reason that the award in the case at bar cannot be sustained. 85 O. S. 1941 §43 provides that a claim must be filed with the State Industrial Commission by an injured employee within one year. Respondent cites and relies upon Brown & Root v. Dunkelberger, 196 Okla. 116, 162 P. 2d 1018, in which, in effect, it is held that an injured employee has one year after an injury becomes apparent in which to file his claim. Under the undisputed evidence in the case at bar, if it could be conceded that the respondent had sustained an accidental injury, the disability, to wit, dermatitis, became apparent within a short time after the exposure to the substance, and before he left the employment of petitioner. He states that he did not know what caused the dermatitis. We have never held that a failure to know what caused the disability authorized the filing of a claim after the statutory period for filing had expired.

Since there is no evidence upon which the State Industrial Commission could base an award, the cause is remanded to the State Industrial Commission with directions to vacate the award and dismiss the claim.

HURST, C.J., and BAYLESS, CORN, GIBSON, ARNOLD, and LUTTRELL, JJ., concur. DAVISON, V.C.J., and RILEY, J., dissent.

---

RILEY, J. (dissenting). While the issue presented by this review might be resolved for failure of Evans to give the 30 days' notice of his injury or to file his claim for compensation within one year after the date of the alleged accidental injury, 85 O.S. 1941 §43, the issue is not thus resolved. The issue adversely found to be determinative is that the workman did not suffer an accidental injury. 85 O.S. 1941 §1 et seq. I am not in accord with the determination made.

Evans was employed and worked as a laborer for Pittsburgh Plate Glass Company from September 8, 1940, to June 14, 1941. He employed his hands in chemicals and paint and, suffering a rash, upon the advice of a physician, Evans terminated his employment to become employed in other occupations. But as Evans continued to suffer the rash, he went to Mayo Hospital. His ailment was diagnosed and treated as dermatitis.

On October 5, 1940, the workman had cut his hands while working with glass in petitioner's factory; an infection designated as dermatitis resulted.

It is true that in Magnolia Petroleum Co. v. Clow, 163 Okla. 302, 22 P. 2d 378,

we held that where disability alleged to exist is of such a character as to require skilled and professional men to determine the cause and extent of resultant disability, the issue is one of science and of necessity must be resolved by evidence of a scientific nature. We repeated the rule so stated in Pure Oil Co. v. State Industrial Comm., 182 Okla. 286, 77 P. 2d 81, and Park Ward Co. v. Newlin, 186 Okla. 26, 95 P. 2d 848.

But there is no necessity in the case at bar for the restriction as to evidence. Symptoms of the disease are as apparent to a layman as to a skilled or professional person. They are not subjective symptoms; they are objective. The disease affects not only Evans' hands, but his legs and other parts of his body. The scientific approach to the cause of Evans' disease is in hopeless conflict, as may be expected from the testimony of hired experts. But it is admitted that Evans' disease is that of dermatitis.

While no one of these hired experts testified that the cut on Evans' hand gave the germs access to his blood stream, and thence to all parts of his body, apparently the commission so found, and I think it was justified in implying the happening of that contingency; if it be necessary to the conclusion evidenced by the order and award, even though it be contrary to the testimony of a hired expert witness.

It is true that this court, in Pace, Rainer & Pace v. Robertson et al., 186 Okla. 406, 98 P. 2d 46, held dermatitis is not a compensable injury, even though it arose out of and in the course of a hazardous employment covered by the Workmen's Compensation Law, the holding was qualified by "the facts and circumstances of (that) case".

But, after all, a court of justice is not infallible, as evidenced by departure from the statute, 85 O.S. 1941 §43, in Brown & Root v. Dunkelberger, 196 Okla. 116, 162 P. 2d 1018, in which it was ruled that an injured employee has one year after an injury becomes apparent, to file his claim. The statutory substitution for an action for damages, based on negligence, restricts the right to compensation to that secured upon a claim filed with the State Industrial Commission within one year after the accidental injury.

Manifestation of a disease resultant from an accidental injury may be in senility, in which event, if a minor suffered the accidental injury in youth, would present a case of damnum absque injuria.

While, of course, no employer should or could properly profit by his own wrong, wherefore if he continued to pay until limitation of the law occurred, and induced the injured workman to forego filing of a claim, equitable doctrine might ensue and be applicable. There is nothing to indicate such an unconscionable conduct on the part of this petitioner during or subsequent to its employment of Evans.

In view of the court's rule stated in Bartlett Collins Co. v. Roach, 180 Okla. 521, 71 P. 2d 489, and Transwestern Oil Co. v. Partain, 188 Okla. 97, 106 P. 2d 263, as to actual notice; notice to employer's superintendent, Gulf Oil Corp. v. Garrison, 183 Okla. 631, 84 P. 2d 12; notice to employer's foreman, Empire Pipe Line Co. v. Morgan, 185 Okla. 82, 90 P. 2d 389, and the lack of prejudice to the employer, NuWay Laundry Co. v. Trice, 182 Okla. 518, 78 P. 2d 706; Hardeman-King Co. v. Hudson, 151 Okla. 236, 3 P. 2d 424; United States F. & G. Co. v. State Ind. Comm., 120 Okla. 277, 251 P. 597, the court, like the commission, should be satisfied with the issue of failure to give written notice within thirty days after the accidental injury. See, also, Skelly Oil Co. v. Harrell, 192 Okla. 101, 134 P. 2d 136, and Pine v. State Ind. Comm., 148 Okla. 200, 298 P. 276, as to the directory character of the statutory provision for written notice within the specified period of time (thirty days).

Herein there was a continuous actual notice to those in charge of petitioner's business.

This was no occupational disease. Johnson Oil Ref. Co. v. Guthrie, 167 Okla. 83, 27 P. 2d 814, 90 A.L.R. 616; Standard Roofing & Material Co. v. Mosely, 176 Okla. 517, 56 P. 2d 847, authorize the commission to withhold credence to any portion of evidence, and especially that given by hired experts who, unlike Dr. George Fulton, were unable to effect a cure, or assign, as did Mayo Clinic, "causative factors . . . concerned in this widespread disturbance of the skin." (Rec. 78-79.)

Moreover, since this court has ruled the one-year limitation in which a claim must be filed with the commission is to be calculated from the disability, rather than the accidental injury, a prospective application should be given to a correct rule of law. As a consequence, the order and award should be sustained.