PUBLIC SERVICE COMPANY, Own Risk, Petitioner,

v.

Earl GILLESPIE and The State Industrial Commission, Respondents.

No. 37766.

Supreme Court of Oklahoma.

Jan. 28, 1958.

Doerner, Rinehart & Stuart, Covington, Donovan & Gibbon, Tulsa, for petitioner.

Farmer & Kerr, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, Justice.

Earl Gillespie, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that he sustained an accidental injury on the 24th day of May, 1955. An award was made by the State Industrial Commission finding that claimant sustained an accidental injury from exposure to cement, and compensation was ordered paid for fifty per cent disability to the body as a whole. This proceeding is brought by Public Service Company, own risk, hereinafter called petitioner to review the award.

On May 22, 1956, claimant had filed with the State Industrial Commission a claim on Form 3, alleging that he sustained a disability resulting from occupational disease. At the hearing, it was stated that the claim for occupational disease would not be pursued, but that claimant would assert accidental injury arising under the Workmen's Compensation Law. 85 O.S.1951 § 1 et seq.

It is first argued that there is no competent evidence reasonably tending to support the finding that on May 24, 1955, claimant sustained an accidental injury.

Claimant testified that in the early part of April, 1955, he was employed at a substation being built by the Public Service Company, in the operation of its electric plant, and that, in the process of building the sub-station, claimant was assisting in building a concrete transformer at Lawton, Oklahoma; that the work was known as concrete finishing work which requires constant handling of cement; that claimant burned his hands, similar to a burn by gasoline; that the burn was from the cement solvent; that eight or nine days thereafter he noticed blisters on his fingers, blue in color and raised up. He reported to a doctor at Lawton who first treated him for poison oak. He then went to a doctor at Chickasha who diagnosed the infection as cement poisoning. He reported to the employer, and was treated by three doctors, who diagnosed the condition as skin poisoning caused by cement. He quit work, but was paid full pay from November, 1955, until May, 1956, when he was discharged.

Petitioner cites Pittsburg Plate Glass Co. v. State Industrial Commission, 200 Okl. 281, 192 P.2d 1015; Pace, Rainer & Pace v. Robertson, 186 Okl. 406, 98 P.2d 46; Imperial Refining Co. v. Buck, 155 Okl. 25, 7 P.2d 908. We have examined these cases. We are of the opinion that under the rule announced in Tri-State Contractors, Inc., v. Althouse, 166 Okl. 296, 27 P.2d 1041; Atlas Coal Corp. v. Scales, 198 Okl. 658, 185 P.2d 177; and Ward v. Beatrice Creamery Co., 104 Okl. 91, 230 P. 872, the evidence reasonably tends to sustain the finding that the disability of claimant was caused by an ac-

cidental injury resulting in cement poisoning. In Tri-State Contractors, Inc. v. Althouse, supra, it is stated [166 Okla. 296, 27 P.2d 1042]:

"* * * We do not deem it necessary to undertake to add to these discussions. The question now before us in this case seems to be adversely settled to the contention of the petitioners in the case of Quality Milk Products et al., v. Linde et al., 159 Okl. 256, 15 P.2d 58, and in the more recent case of Johnson Oil Refining Company v. Guthrie et al. [167 Okl. 83] 27 P.2d 814, [90 A.L.R. 616]. In the last case an injury was declared to be accidental in character which resulted from inhaling gas fumes and coke dust over a period of time, ultimately resulting on a date that could be ascertained in a disability to a claimant. * * *"

Tri-State Contractors, Inc. v. Althouse, supra, has been cited with approval in a number of cases. See, in this connection, Macklanburg-Duncan Co. v. Edwards, Okl., 311 P.2d 250.

It is next argued that there is no evidence to support the finding of a fifty per cent disability. Petitioner attacks the statement introduced in evidence by Dr. M. Petitioner practically concedes, and we find that this report is sufficient to establish, the degree of disability and such disability was caused by the accidental injury. This report was introduced under the stipulation made by the parties at the first hearing of the proceeding and there is no irregularity in its acceptance and filing. The evidence is sufficient to sustain the finding that claimant has a fifty per cent permanent partial disability and that it is due to the accidental injury.

It is next argued that the finding that claimant sustained an accidental injury on May 24, 1955, cannot be sustained on any of the evidence because the evidence tends to disclose that any accidental injury caused by exposure to the cement occurred sometime in April, 1955. This technical error, if such, is without legal consequence. Under the doctrine announced in the above cases it would be immaterial as to what precise date the disability became fixed if it occurred in such manner as to be the result of an accidental injury.

It is next argued that it is impossible to determine from the finding of the State Industrial Commission whether the disability is based upon an occupational disease or upon an accidental injury occurring at some definite time. Petitioner cites Corzine v. Traders Compress, 196 Okl. 259. 164 P.2d 625, and numerous cases which hold that where an order or award is so indefinite, that it is not possible to determine the intention of the State Industrial Commission, the same will be vacated for further proceedings. The rule is not applicable here. The evidence is sufficient to sustain the finding that claimant sustained an accidental injury and the award is not indefinite within the meaning of these cases.

Award sustained.