Bessie NEEDHAM, Plaintiff in Error,

v.

Lee HAYS, Defendant in Error.

No. 41427.

Supreme Court of Oklahoma.

May 23, 1967.

Dick Bell, Seminole, Bill Biggers, Wewoka, for plaintiff in error.

Milam M. King, Checotah, for defendant in error.

HODGES, Justice.

Bessie Needham, deceased, as a surviving spouse, recovered an award before the State Industrial Court under the death benefit provisions of the Workmen's Compensation Law. The award was unpaid and a copy of such unpaid award was entered on the judgment docket of the District Court of McIntosh County pursuant to 85 O.S. 1961, § 42.

During proceedings to enforce payment of the said award in the district court the respondent made to the court the suggestion of the death of the claimant more than one year prior thereto, asserting nonconsent of the respondent to revivor. Counsel for the claimant asserts an interest in the judgment to the extent of $1,800.00 awarded to him as an attorney fee and asserts that he was unaware of the death of the claimant and as to his interest in the award, revivor should be allowed. The trial court adjudged the entire judgment to be dormant and not subject to revivor after one year from the time the award first could have been revived. From the judgment of the trial court counsel for the heirs of the now deceased claimant lodged this appeal as putative plaintiff in error. Appellants filed their brief in chief. No answer brief has been filed by the defendant in error who was respondent before the State Industrial Court, nor has such failure been by this court excused. Where no brief is filed by the defendant in error, and the brief of the plaintiff in error sustains the allegations in the petition in error, the judgment of the trial court will be reversed and the cause remanded; and conversely, if such allegations are not

reasonably supported by the brief of the plaintiff in error the decision of the trial court will be affirmed, although this court has no duty to search the record for a basis on which to sustain the decision of the trial court.

The petition in error presents no question of jurisdiction of the trial court to hear and decide a motion to revive an award of the State Industrial Court under the death benefit provisions of the Workmen's Compensation Law and that question is not here considered nor determined.

 The award of the State Industrial Court to the claimant, Bessie Needham, now deceased, was a single award and the interest of her counsel is that of a lienor against the award for the attorney fee allowed by the State Industrial Court. Such lien does not constitute claimant's counsel a judgment creditor. The allowance of revivor after the expiration of one year without the consent of the judgment debtor, where the death of the party was unknown or for other unavoidable reasons, is a matter of discretion in the trial court and the decision of the trial court will not be disturbed in the absence of a clear showing of abuse. The trial court found the heirs of the decedent knew of the death and failed to show any other unavoidable reasons for failure to seek revival, and revivor was properly denied to them. Under the holding of this court in Drew v. Thurlwell, 173 Okl. 405, 48 P.2d 1066, 100 A.L.R. 806, the interest of the attorney in the judgment is not a severable part thereof, and the lien of the attorney perishes with the judgment on which it is predicated.

Assuming without deciding that the District Court of McIntosh County was a forum of jurisdiction for the purpose of revivor of an award made by the State Industrial Court the judgment of the trial court denying revivor is affirmed.

JACKSON, C. J., and DAVISON, WILLIAMS, BLACKBIRD, BERRY, LAVENDER, and McINERNEY, JJ., concur.