**UNIROYAL TIRE COMPANY and Own Risk, Petitioners,**

v.

**STATE INDUSTRIAL COURT and Denise Hisel, Respondents.**

**No. 48989.**

Supreme Court of Oklahoma.

June 21, 1977.

Wallace, Bickford & Pasley by Harry L. Bickford, Ardmore, for petitioners.

J. O. Minter, Madill, for respondent.

DOOLIN, Justice.

Employee Hisel was employed by Uniroyal Tire Company (Uniroyal) in a capacity that required her to wear safety shoes. Employee had pre-existing bone spurs on her heels and had a history of foot problems since childhood. Soon after her employment, she developed blisters or bursa on her heels. She had the bursa removed surgically but was still disabled.

Pursuant to a timely filing of Form 3, the trial court awarded employee 33 weeks temporary total and 15% permanent partial disability to the body as a whole. This award was affirmed en banc. Uniroyal appeals. Employee filed no answer brief and the cause was submitted for adjudication upon Uniroyal's brief in chief.

In *Needham v. Hays*, 431 P.2d 441 (Okl. 1967), we held where a party has unexcusedly failed to file an answer brief, and brief of plaintiff in error reasonably supports his allegations of error, this court has no duty to search the record for a basis on which to sustain the decision of the trial court.

Uniroyal in its brief in chief points to testimony from the record that indicates employee knew or should have known she could not wear the safety shoes required by

Uniroyal for this particular job. It alleges trial court erred in holding this pre-existing injury could be the basis of an award, citing *Schoenfield & Hunter Drilling Co. v. Combs*, 167 Okl. 397, 30 P.2d 162 (1934).

Uniroyal claims evidence further shows the pre-existing bone spurs were the cause of her disability not the safety shoes, thus there was no unexpected or accidental injury as defined by 85 O.S.1971 § 11 and contemplated by *Ford Motor Company v. Scruggs*, 154 Okl. 219, 7 P.2d 479 (1932) and *Washita County Gin Co. v. Colbert*, 162 Okl. 276, 19 P.2d 1080 (1933). This allegation of no compensable accidental injury is further evidenced by the fact that after the surgery for removal of the bursa, employee was still disabled, not from the bursa which had been removed, but entirely from the pre-existing bone spurs.

We believe Uniroyal's brief reasonably supports its allegations of error.

AWARD VACATED.

HODGES, C. J., and IRWIN, BARNES and SIMMS, JJ., concur.

LAVENDER, V. C. J., and DAVISON, WILLIAMS and BERRY, JJ., dissent.

BERRY, Justice, dissenting:

The majority opinion vacates an order awarding compensation, for failure of claimant's counsel to file brief. Upon authority of *Needham v. Hays*, Okl., 431 P.2d 441, the court declares this Court has no duty to search the record for basis upon which to sustain the award. Concluding petitioner's [employer's] brief reasonably supports allegations of error, an award based entirely upon determination of fact questions is vacated. My disagreement with the majority is two-fold, although both matters are interrelated.

First, the rule in *Needham*, supra, is applied as determinative, although alternatively the rule does not preclude this Court's consideration of the record to ascertain whether petitioner's brief reasonably supports allegations of error. Syllabus in that decision states:

"Where the defendant in error has failed to file an answer brief which failure is unexcused and the brief of the plaintiff in error reasonably supports the allegations of the petition in error, the cause will be reversed and remanded; *and conversely, if such allegations are not reasonably supported by the brief of the plaintiff in error the decision of the trial court will be affirmed, although this court has no duty to search the record for a basis on which to sustain the decision of the trial court.*" [emphasis supplied]

Secondly, disposition of the cause in this manner implants a new rule in case law prescribing extent and purpose of review proceedings in workmen's compensation cases.

Initially petitioners presented four contentions for review. One rested upon a matter of law decided adversely to petitioner's claim in several decisions under controlling statute. Three contentions involved arguments concerning weight and quality of evidence from which State Industrial Court determined: [1] claimant sustained accidental injury during covered employment; [2] disability resulted from accidental injury rather than pre-existing condition; [3] no prejudice resulted from claimant's failure to give statutory notice. Each of these matters were adjudicated in claimant's favor from conflicting evidence.

Unvarying rule applied to review of workmen's compensation cases has been that cause and extent of disalbility are for determination of trier of facts. And, on review of State Industrial Court orders or awards Supreme Court does not weigh conflicting evidence, but examines the record only to ascertain whether State Industrial Court findings are supported by any competent evidence. For present purposes it is sufficient to note there is competent evidence to support finding claimant sustained accidental injury although suffering from a pre-existing condition. Petitioner's argument in this connection was that disability was not due entirely to accidental injury, since evidence showed lesser degree of disability after surgery was performed, hence

award should have been modified by awarding lesser amount of permanent partial disability.

The majority considered record evidence pointed out by petitioner, from which it was concluded pre-existing condition could not be basis of an award, and that pre-existing condition caused disability because there was no unexpected event. The contentions advanced by petitioner necessitated *review and weighing* of evidence before this Court could determine whether allegations were reasonably supported. Thus, at this point the Court placed in effect a new rule of review in workmen's compensation cases. Factual adjudication of cause and extent of disability from conflicting evidence are reviewed only to determine whether supported by any competent evidence; EXCEPT—upon failure to file brief, this Court, on review will examine and weigh conflicting evidence bearing upon cause and extent of disability and in this manner determine whether allegations, based purely upon interpretation of conflicting evidence, are reasonably supported by petitioner's brief.

I am of the opinion the majority opinion has invoked a new rule for review of State Industrial Court proceedings which is wrong in principle and does violence to settled law. Less difficulty would result if we simply said failure to file brief will result in vacation of any award.

I dissent.

I am authorized to state that LAVENDER, V. C. J. and DAVISON and WILLIAMS, JJ., concur in the views expressed herein.